# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**NANCY A. McCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMIR H. SANJARI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1206-CR-273 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable David C. Bonfiglio, Judge
Cause No. 20D06-0610-FC-35

**January 15, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Amir Sanjari had two children with Alison Gratzol and, when the couple divorced, Sanjari was ordered to pay child support. Sanjari failed to do this on a regular basis, and his arrearage eventually came to be almost $57,000. Sanjari was tried and convicted of two counts of Class C felony nonsupport and sentenced to two consecutive five-year sentences. On appeal, the Indiana Supreme Court reduced one of Sanjari's convictions to a Class D felony and remanded for resentencing. The trial court sentenced Sanjari to eight years of incarceration for the Class C felony and two for the Class D felony, to be served consecutively. Sanjari again appeals.

Sanjari contends that his sentence violates prohibitions against double jeopardy, violates prohibitions against vindictive sentencing, and is inappropriately harsh. We conclude that Sanjari's new sentence does not constitute double punishment. We also conclude that Sanjari has failed to show actual vindictiveness by the trial court and that his aggregate sentence does not entitle him a presumption of vindictiveness because it is no longer than the aggregate sentence originally imposed. Finally, in light of the severity of Sanjari's offenses and his appalling character, we conclude that his ten-year executed sentence in not inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

The Indiana Supreme Court summarized the facts underlying this appeal as follows:

> [Sanjari] and [Alison Gratzol] married in 1982 and had two children. Their marriage was dissolved in Elkhart County, Indiana, in 2000, and [Sanjari] was eventually ordered to pay $239 per week as child support to apply to both children, plus additional amounts for educational expenses and to reduce an accumulated support arrearage. [Sanjari] failed to regularly pay such "in gross" support payments and eventually ceased making the child

2

support payments. [Sanjari] was initially charged with two counts of class C felony nonsupport of a dependent child, one count for each child, because the total amount of unpaid support exceeded $15,000. The State later added two additional counts of class D felony nonsupport, one for each child. When initially charged, [Sanjari] was more than $17,000 behind in support, but by the time his trial commenced the arrearage exceeded $56,000. A jury found [Sanjari] guilty of all four counts: a class C felony and a class D felony for each child. The trial court entered judgment only as to the two class C felonies, per Indiana Code Section 35-38-1-6, which provides that, notwithstanding guilty verdicts on separate counts charging both an offense and an included offense, a judgment and sentence "may not be entered against the defendant for the included offense." Ind. Code § 35-38-1-6.

*Sanjari v. State*, 961 N.E.2d 1005, 1006 (Ind. 2012) ("*Sanjari II*").

Following Sanjari's convictions, the trial court imposed two consecutive five-year sentences. *See Sanjari v. State*, 942 N.E.2d 134, 139 (Ind. Ct. App. 2011) *trans. denied, trans. granted, and opinion vacated* ("*Sanjari I*"). On appeal, *inter alia*, we vacated one of Sanjari's Class C felony nonsupport convictions on double jeopardy grounds and affirmed the trial court in all other respects. *See Sanjari II* at 1006. The Indiana Supreme Court granted transfer and held that "Indiana Code Section 35-46-1-5 permits a separate class D felony conviction for nonsupport of each dependent child, but only one such offense may be enhanced to a class C felony where the unpaid support for one or more of such children is $15,000 or more." *Id*. The *Sanjari II* Court summarily affirmed our disposition in all other respects but remanded with instructions to enter judgments of conviction for one count of Class C felony nonsupport and one count of Class D felony nonsupport and for resentencing. *Id.* at 1009.

3

On May 16, 2012, the trial court held a sentencing hearing, following which it sentenced Sanjari to eight years of incarceration for Class C felony nonsupport and two years for Class D felony nonsupport. No additional evidence was presented by either party. The trial court found, as aggravating circumstances, that the harm done was far more than necessary to satisfy the elements of the crimes, Sanjari's refusal to maintain gainful employment, the high likelihood that Sanjari would continue to refuse to support his children, the substantial time and effort spent by Gratzol in attempting to collect child support, Sanjari's harassment of Gratzol, the high likelihood that Sanjari would abscond if placed in a community-based program, and his veiled threat of violence directed at Gratzol. The trial court found Sanjari's lack of a prior criminal record to be mitigating. The trial court found that the aggravating circumstances "overwhelmed" the lone mitigating circumstance. Appellant's App. p. 59.

## DISCUSSION AND DECISION

### I. Whether Sanjari's Sentence Violates Prohibitions Against Double Jeopardy

As previously mentioned, the trial court originally imposed two consecutive five-year sentences. Sanjari notes that one of those five-year sentences would now be discharged. Sanjari seems to argue that because the original sentence has allegedly been discharged, resentencing him now on the same charge would represent a double punishment. The original sentence, however, has not been discharged—it has been vacated. Sanjari cites to no authority for the proposition that a new sentence may not be ordered when the original sentence has been "discharged," and we are aware of none. Sanjari is not being punished

4

twice for the same offense because the original sentence has simply been superseded by the new one. Sanjari's sentence does not violate prohibitions against double jeopardy.

## II. Whether Sanjari's Sentence Violates Due Process

"While sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment, … it must not be exercised with the purpose of punishing a successful appeal." *Alabama v. Smith*, 490 U.S. 794, 798 (1989) (citing *North Carolina v. Pearce*, 395 U.S. 711, 723-25 (1969); additional citation omitted). "'Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.'" *Smith*, 490 U.S. at 798 (quoting *Pearce*, 395 U.S. at 725). Whenever a judge imposes a more severe sentence upon a defendant, the reasons for doing so must be clear, or the presumption arises that there has been a vindictive purpose. *See id.* "Once this presumption blossoms, the prosecution must proffer evidence to overcome it; elsewise, vindictiveness is deemed established, and the due process clause requires invalidation of the challenged action." *U.S. v. Pimienta-Redondo*, 874 F.2d 9, 13 (1st Cir. 1989).

### A. Actual Vindictiveness

Sanjari contends that the record establishes that the trial court vindictively sentenced him. Although Sanjari acknowledges that "[t]he trial court's statements at resentencing do not show an indication of retaliatory motive[,]" Appellant's Br. p. 19, he argues that there is nonetheless other evidence that establishes vindictiveness. Sanjari, however, points to only the numerous filings he made, including a *habeas corpus* petition and numerous motions for

5

change of venue, and material from his website, some of which was highly critical of the trial court and the prosecutors and attorneys of Elkhart County.  There is simply no evidence, however, that the trial court took any of Sanjari's criticisms into account at resentencing. Were we to accept Sanjari's argument, it would open the door for future defendants to establish actual vindictiveness claims simply by being vexatious, a result we obviously cannot endorse.

## B.  Presumed Vindictiveness

Sanjari also argues that the imposition of an eight-year sentence for his Class C felony conviction on remand gives rise to an unrebutted presumption of vindictiveness because the original sentence for that conviction was five years.  The State counters that no such presumption arises because Sanjari's ten-year *aggregate* sentence is the same as originally imposed.  Today, we join with that vast majority of courts who have addressed the question and have concluded that it is the aggregate sentence that is the key in such cases.[1]  Pursuant

---

[1]  As the Supreme Court of Georgia has noted:

> The vast majority of federal and state appellate courts that have addressed this issue have adopted the aggregate approach, which requires a court to "compare the total original sentence to the total sentence after resentencing.  If the new sentence is greater than the original sentence, the new sentence is considered more severe." *United States v. Campbell*, 106 F.3d 64, 68(I)(B) (5th Cir.1997).  See also *United States v. Pimienta-Redondo*, 874 F.2d 9, 15-16(II)(B) (1st Cir. 1989); *Kelly v. Neubert*, 898 F.2d 15, 18 (3rd Cir. 1990); *United States v. Gray*, 852 F.2d 136, 138(I) (4th Cir. 1988); *United States v. Sullivan*, 967 F.2d 370, 374(II)(B)(1) (10th Cir. 1992); *United States v. Mancari*, 914 F.2d 1014, 1022(III) (7th Cir. 1990); *United States v. Bay*, 820 F.2d 1511, 1514(II) (9th Cir. 1987); *Tice v. State*, 475 So.2d 589, 590 (Ala. Crim. App. 1984); *People v. Hill*, 185 Cal. App. 3d 831, 230 Cal. Rptr. 109, 111 (1986); *White v. State*, 576 A.2d 1322, 1329(IV) (Del. 1990); *State v. Keefe*, 573 A.2d 20, 22 (Me. 1990); *State v. King*, 275 Neb. 899, 750 N.W.2d 674, 678 (2008); *State v. Martin*, 185 Vt. 286, 973 A.2d 56, 60(II) (2009).  Two federal courts of appeal have adopted a "remainder aggregate" approach that compares "the district court's aggregate sentence on the nonreversed counts after appeal with the original sentence imposed on those same counts before appeal." *United States v. Campbell, supra*.  See also *United States v. Monaco*, 702

to this approach, Sanjari's ten-year aggregate sentence on remand does not give rise to a presumption of vindictive sentencing.

"[U]nder a due process analysis, where the aggregate period of incarceration on resentencing is no greater than the original aggregate sentence, there is no presumption of vindictiveness." *People v. Woellhaf*, 199 P.3d 27, 31 (Colo. Ct. App. 2007) (citing *U.S. v. Evans*, 314 F.3d 329 at 333-34 (8th Cir. 2002); *Pimienta-Redondo*, 874 F.2d at 13-14; *State v. Larson*, 783 P.2d. 1093, 1095 (Wash. Ct. App. 1989)). The core rationale for this rule, one that we accept, is the recognition that the sentences in a multi-conviction proceeding are interdependent:

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. *See, e.g.*, *United States v. Thomas*, 788 F.2d 1250, 1260 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.[2]

*U.S. v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987).

---

F.2d 860, 884-885(V)(B) (11th Cir. 1983); *United States v. Markus*, 603 F.2d 409, 413 (2d Cir. 1979). Only a handful of our sister state courts have adopted the pure count-by-count approach, which requires a court to compare the sentences on each count of an indictment separately. *Wilson v. State*, 123 Nev. 587, 170 P.3d 975, 981 (2007). See also *People v. Sanders*, 356 Ill. App. 3d 998, 292 Ill. Dec. 870, 827 N.E.2d 17, 22(I) (2005).

*Adams v. State*, 696 S.E.2d 676, 679 (Ga. 2010) (in case adopting majority aggregate approach).

[2] This rationale applies with equal force where, as here, one of the original convictions was decreased in degree rather than vacated.

The *Pimienta-Redondo* court expanded upon this concept:

> [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*Pimienta-Redondo*, 874 F.2d at 14.

We acknowledge that a trial court is likely to view individual sentences in a multi-count proceeding as part of an overall plan, a plan that can be overthrown if one or more of the convictions is reversed or reduced in degree. We join with those courts who allow the trial court flexibility upon remand, including the ability to increase sentences for individual convictions without giving rise to a presumption of vindictive sentencing, so long as the aggregate sentence is no longer than originally imposed. Consequently, the trial court's imposition of a ten-year aggregate sentence does not give rise to a presumption of vindictiveness because it was no longer than the aggregate sentence initially imposed.[3]

### III. Whether Sanjari's Sentence is Inappropriate

---

[3] The following example illustrates why this is the only reasonable approach to such questions. Starting with the facts of this case, let us now assume that, instead of ordering both five-year sentences to be executed, the trial court suspended all of count II's sentence to probation. On appeal, however, let us further assume that count I is vacated without possibility of retrial. Were we to accept Sanjari's suggested approach, the trial court would not be able to order any executed sentence on remand for count II without violating *Pearce*. If (as seems likely) the trial court's general plan was that the defendant deserved to serve two and one-half years in prison for each conviction, that plan has now been thwarted and the defendant has received a windfall. This result strikes us as unfair, especially in a case where, as here, there is no hint of actual vindictiveness.

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). As previously mentioned, the trial court sentenced Sanjari to an aggregate ten years of incarceration.

The nature of Sanjari's crimes justifies an enhanced sentence. Sanjari's arrearage, approximately $57,000 as of October 31, 2009, goes far beyond that required to support his convictions for Class C felony and Class D felony nonsupport. Nonsupport of a dependent becomes a Class C felony at an arrearage of $15,000, *see* Ind. Code § 35-46-1-5(a), and Sanjari's was almost four times that three years ago. Moreover, as a result of Sanjari's refusal to pay child support, Gratzol was forced to work multiple jobs, and her new husband

9

cashed in his pension.

Sanjari's character also fully justifies his enhanced sentence, to say the least. Sanjari has engaged in an "onslaught of legal proceedings [against his former wife] which caused great harm to [her] family[,]" which, of course, includes Sanjari's daughters. April 1, 2010, Tr. p. 31. According to Gratzol, Sanjari's legal campaign against her, which consisted of filings "from Federal Court and from Chicago to the east coast to multiple filings with the local courts" nearly bankrupted her and cost her approximately $100,000 in legal fees alone. April 1, 2010, Tr. p. 31.

Sanjari has a history of malingering, presumably in in an effort to avoid paying his child support obligations. From March of 2006 through May of 2009, Sanjari paid no child support whatsoever. Sanjari has a history of voluntary unemployment despite holding a doctorate in nuclear physics; an undisputed ability to earn between $60,000 and $80,000 a year; and a work history that includes positions at the State University of New York, the University of Notre Dame, Wayne State University, and Goshen Hospital as a medical physicist. The trial court found, and Sanjari does not dispute, that Sanjari was deliberately not seeking employment and avoiding a body attachment that he knew had been issued.

Sanjari has shown a contempt for the law and an unwillingness to conform his behavior to social norms. Sanjari avoided a 2006 civil body attachment and a 2006 arrest warrant until apprehended by Federal Marshals in California. As the trial court noted, Sanjari has never indicated a willingness to satisfy his child support obligations and has consistently contended that it has no jurisdiction over him. Sanjari has also consistently

10

contended that the divorce court has no jurisdiction over him and that anything it does is void; accused the divorce judge, five subsequent special judges, the judges of the Court of Appeals, and the Justices of the Supreme Court of fraud; and has made unfounded allegations of psychological abuse of his children by Gratzol. As the trial court observed, Sanjari uses all of these accusations as excuses not to satisfy his support obligations. Sanjari's character is illustrated thorough his defiance, his abuse of the legal system in order to punish Gratzol, and his utter refusal to satisfy his legal obligations to his children. In light of the nature of Sanjari's offenses and his character, a ten-year executed sentence is fully justified.

We affirm the judgment of the trial court.

NAJAM, J., and FRIEDLANDER, J., concur.