# MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 05 2015, 8:34 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald C. Weyland,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 5, 2015

Court of Appeals Case No.
48A04-1409-CR-446

Appeal from the Madison Circuit Court
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1306-FA-1227

**Bailey, Judge.**

Ronald C. Weyland ("Weyland") appealed his convictions for Child Molesting and Attempted Child Molesting, as Class A felonies, and Child Molesting, as a Class C felony. This Court affirmed the convictions for Attempted Child Molesting, as a Class A felony, and Child Molesting, as a Class C felony, but reversed the conviction for Child Molesting, as a Class A felony, for insufficiency of the evidence. *Weyland v. State*, No. 48A04-1409-CR-446 (Ind. Ct. App. Jun. 3, 2015). We remanded the matter to the trial court with instructions to vacate Weyland's conviction for Child Molesting, as a Class A felony.

On July 1, 2015, Weyland filed a petition for rehearing, requesting that this Court provide specific instructions to the trial court to resentence him upon remand. In his petition, Weyland directs our attention to this Court's opinion in *Sanjari v. State*, 981 N.E.2d 578 (Ind. Ct. App. 2013), *trans. denied*. In *Sanjari*, this Court "acknowledge[d] that a trial court is likely to view individual sentences in a multi-count proceeding as part of an overall plan … that can be overthrown if one or more of the convictions is reversed or reduced in degree." *Id.* at 583. Weyland argues that, in sentencing him to forty-five years imprisonment, the trial court's decision took into account the Class A-level Child Molesting conviction as a basis for an aggravated sentence, and this Court's decision to reverse the conviction worked to "overthrow[]" the trial court's sentencing plan. *Id.*

We agree.  We accordingly grant rehearing and add to our instructions upon remand an instruction to the trial court to resentence Weyland.  We reaffirm our prior opinion in all other respects.

Barnes, J., concurs.

Riley, J., votes to deny Appellant's Petition for Rehearing.