## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2017, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Lake County Public
Defender – Appellate Division
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery A. Hmurovic, Sr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 27, 2017

Court of Appeals Case No.
45A03-1612-CR-2886

Appeal from the Lake Superior
Court

The Honorable Salvador Vasquez,
Judge

Trial Court Cause No.
45G01-1403-FC-25

**Mathias, Judge.**

[1]     Jeffery A. Hmurovic, Sr. ("Hmurovic"), was convicted of Class B felony sexual misconduct with a minor and Class C felony incest. In *Hmurovic v. State*, 43

N.E.3d 685 (Ind. Ct. App. 2015), we reversed the Class B felony conviction and remanded for resentencing on the Class C felony conviction. Hmurovic now appeals his new sentence.

We affirm.

## Facts and Procedural Posture

In Hmurovic's first appeal, we stated the facts of his case as follows:

> E.H. was born in September 1987 to Jeffery and Donna Hmurovic. She is the youngest of three children born to the Hmurovics, having two older brothers. E.H. has a learning disability and has always lived with her parents. They lived on Maple Street in Gary until E.H. was almost eighteen years old. Thereafter, except for a brief period of homelessness, the family lived on Elkhart Street in [L]ake Station.
>
> Hmurovic began having sexual intercourse with E.H. while in the home on Maple Street. By the time the family was evicted in August 2005, the sexual activity between Hmurovic and his teenage daughter had been going on for quite some time. E.H. "[k]ind of" remembered sexual activity with her dad around the age of sixteen. [Tr. Vol. I, p. 92]. . . . The sexual relationship continued on a regular basis into E.H.'s adulthood.
>
> E.H.'s mother died in June 2013, and around this same time, E.H. became impregnated by her father. On March 9, 2014, E.H. gave birth to a baby girl, with her father alongside during the delivery. Hmurovic made a number of curious statements at the hospital, which caused the nursing staff concern. Similarly, E.H. told hospital staff that she was a virgin, there was no father, and the baby was a miracle from her mother.
>
> The Indiana Department of Child Services [("DCS")] began investigating the matter on March 10, 2014, and the City of Lake

Station Police Department became involved shortly thereafter. The baby was taken into custody by [DCS], and Hmurovic was interviewed by police on March 12.

During the interrogation, Hmurovic initially denied having any sexual contact with his daughter. E.H., however, had told investigators otherwise. When confronted with E.H.'s statements, Hmurovic eventually admitted the sexual relationship, placing much of the blame on his daughter. . . . He believed the first incident was sometime after junior high school. Hmurovic admitted that over the last nine years or so he had sex with his daughter one to two times per week. DNA testing confirmed that Hmurovic was the father of E.H.'s baby.

The State charged Hmurovic with four counts: Count I, class A felony child molesting (victim under the age of fourteen); Count II, class B felony sexual misconduct with a minor (victim at least fourteen but less than sixteen); Count III, class B felony incest (victim under the age of sixteen); and Count IV, class C felony incest. The jury acquitted Hmurovic of Count I and found him guilty of the remaining counts. At the sentencing hearing on February 11, 2015, the trial court merged Counts II and III. The court entered judgment of conviction on Counts II and IV and sentenced Hmurovic to consecutive terms of fifteen and six years, respectively, for an aggregate sentence of twenty-one years.

*Hmurovic*, 43 N.E.3d at 686-87 (record citation updated).

[4] Before, during, and after trial, Hmurovic employed various strategies to escape conviction. During his March 12, 2014, interrogation, Hmurovic accused his daughter, while a developmentally disabled minor, of initiating their sexual relationship by "coming onto [him] and putting her mouth on [his] penis." Tr. Vol. II, p. 247 (prosecutor's characterization). During and after trial, Hmurovic instead accused his son of "rap[ing] [his] daughter several times," Tr. Vol. II, p.

322, and insisted that Hmurovic's child by his daughter was in fact his son's child by his daughter. Finally, he claimed that long-standing back pain had prevented him from having sex for more than two decades. *Id.* Neither the jury nor the court believed him.

[5] At Hmurovic's first sentencing on February 11, 2015, the court found as follows:

> You have no criminal history. It's something that needs to be taken into account and that's certainly to your credit. We have two factors, two broad factors that we consider when sentencing anybody on a felony charge[:] the nature and circumstances of the offense and the character of the offender. . . .
>
> The fact that a jury found you guilty of this ongoing what I would consider manipulation of your child is absolutely amazing . . . . I don't think I've ever seen such a high degree of manipulation . . . . I really do see you, Mr. Hmurovic, as being a highly manipulative person. I think you are dishonest, you are manipulative and you manipulated this family and certainly your child for a long period of time. . . .
>
> I see absolutely nothing that works in your favor. . . . I have no information here that would suggest to me that you have anything redeeming about you here. You say [your back problems prevent you from having sex,] but a police officer working in your city indicates that you were lifting things and working as if anyone else was working without any restrictions whatsoever. . . . But yet you come into court saying I can't do this, I can't do that. That's manipulation. That's deception. That's dishonesty. . . .
>
> I find the nature and circumstances of this offense to be absolutely compelling, given the high degree of manipulation and quite frankly your dishonesty as well. . . . I find nothing in

mitigation, nothing that works in your favor. I think that you are deserving of a significant sentence given what you've done in this matter over the course of more than 10 years.

Tr. Vol. II, pp. 325-29. After sentence was pronounced, Hmurovic had to be removed from the courtroom shouting, "My blood will be on all your hands. All of them. You are going to wish this didn't happen. My blood will be on your hands." Tr. Vol. II, p. 329.

[6] The court's first judgment order, entered on February 13, 2015, found as follows:

> SENTENCING CONSIDERATIONS:
>
> 1. The Court considers the nature and circumstance of the crime(s) committed and the character of the defendant.
> 2. The reasons stated on the record, including:
>
> MITIGATING CIRCUMSTANCES: The Court considers the following factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:
>
> The Court finds nothing as to mitigating circumstances.
>
> AGGRAVATING CIRCUMSTANCES: The Court considers the following factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:
>
> 1. The character of the defendant is dishonest and highly manipulative.
> 2. The defendant violated a position of trust, specifically that the victim is the defendant's daughter who was living with him during the entire period of abuse.
> 3. The victim became pregnant. DNA tests show that the defendant is the father to the child.

4. Evidence presented indicates that the defendant's abuse of his daughter occurred over a significant period of time, over ten (10) years.

Appellant's App. Vol. III, pp. 130-31.

[7] On appeal from that judgment, we reversed Hmurovic's Class B felony conviction as unsupported by sufficient evidence and remanded for resentencing:

> On remand, the trial court has the authority to resentence Hmurovic on the class C felony conviction for incest. *See Sanjari v. State*, 981 N.E.2d 578, 583 (Ind. Ct. App. 2013) [("[T]he trial court [has] flexibility upon remand . . . to increase sentences for individual convictions without giving rise to a presumption of vindictive sentencing, so long as the aggregate sentence is no longer than originally imposed.")], *trans. denied*. This flexibility to resentence is in recognition of the fact that "a trial court is likely to view individual sentences in a multi-count proceeding as part of an overall plan, a plan that can be overthrown if one or more of the convictions is reversed or reduced in degree." *Id.* Given the circumstances of this case, we remand [it] back to the trial court to vacate [the Class B felony conviction] and to resentence Hmurovic, if the court so chooses, on [the Class C felony conviction].

*Id.* at 689.

[8] On remand, the trial court resentenced Hmurovic to a term of seven and one-half years executed in the Department of Correction on the Class C felony conviction, Appellant's App. Vol. III, p. 168, an increase of one and one-half years over the first sentence for that conviction, *see Hmurovic*, 43 N.E.3d at 687,

and of three and one-half years over the four-year advisory sentence for Class C felonies, Ind. Code § 35-50-2-6(a), but well below the original twenty-one-year aggregate sentence. *Hmurovic*, 43 N.E.3d at 687. It is from this resentencing that Hmurovic now appeals.

[9] At Hmurovic's second sentencing on November 16, 2016, Hmurovic continued to maintain his innocence and "someone else['s]" guilt. Tr. Vol. III, p. 9. The court was again unmoved:

> We're here because . . . had you been found guilty of a single count of Incest, a Class C felony, there's no chance at all, there's zero chance at all given the nature and circumstances of the events or the character as you present yourself leading up to that point that I would have given you simply a six-year term. I think your character and the circumstances of this event certainly requires a longer term of incarceration. Your character, clearly dishonest and manipulative. And although the incest as your attorney would argue necessarily suggests a violation of trust, I think the repeated acts of violations against your daughter compound that and therefore the finding of violation of trust is certainly appropriate given the facts of this case and the nature and circumstances of the events as they led up to the time you were eventually charged and later found guilty. The fact that your daughter was impregnated and DNA tests show that you are in fact the father of that child is an aggravating factor. The significant years of abuse as highlighted by the facts of this case and nature and circumstances of the incest is an aggravating factor. All these factors lead to a significant aggravated sentence and therefore I do believe that having found no mitigating factors back then, finding no mitigating factors now, your sentence now imposed as an aggravated sentence is seven and a half years in Department of Correction.

Tr. Vol. III, pp. 10-11.

[10] The court's second judgment order, entered on November 17, 2016, was nearly identical to its first:

SENTENCING CONSIDERATIONS:

1. The Court considers the nature and circumstance of the crime(s) committed and the character of the defendant.
2. The reasons stated on the record, including:

MITIGATING CIRCUMSTANCES: The Court considers the following factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:

The Court finds nothing as to mitigating circumstances.

AGGRAVATING CIRCUMSTANCES: The Court considers the following factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

1. The character of the defendant is dishonest, deceitful and highly manipulative.
2. The defendant violated a position of trust, specifically that the victim is the defendant's daughter who was raised by the defendant and living with him during the entire period of abuse.
3. The victim became pregnant. DNA tests show that the defendant is the father to the child.
4. Evidence presented indicates that the defendant's abuse of his daughter occurred over a significant period of time, over ten (10) years.

Appellant's App. Vol. III, pp. 168-69.

[11] This appeal timely followed.

# Discussion and Decision

[12] Hmurovic presents two issues for our review: whether the sentencing court abused its discretion by failing to find significant mitigating circumstances clearly supported by the record and advanced for consideration, and by improperly finding aggravating circumstances not supported by the record; and whether Hmurovic's seven-and-one-half-year sentence is inappropriate.

## I. The Sentencing Court Did Not Abuse Its Discretion

[13] We may review a sentence for abuse of the sentencing court's discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions drawn therefrom." *Baumholser v. State*, 62 N.E.3d 411, 416 (Ind. Ct. App. 2016), *trans. denied*.

[14] Claims for "failure to 'properly weigh'" aggravating and mitigating factors lie beyond such review, *Anglemyer*, 868 N.E.2d at 491, but the court abuses its discretion by failing to find "significant" mitigators, *id.* at 493, that are "clearly supported by the record and advanced for consideration[.]" *Id.* at 491. It was Hmurovic's burden to establish that the mitigating evidence was both significant and clearly supported by the record. *Id.* at 493. The court also abuses its discretion by finding aggravating circumstances not supported by the record. *Id.* at 490.

[15] Remand for resentencing is an appropriate remedy if "we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. However, "the relative weight or value assignable to [mitigators] properly found, or [to] those that should have been found, is not subject" to our review. *Green v. State*, 65 N.E.3d 620, 636 (Ind. Ct. App. 2016).

[16] Here, Hmurovic complains first that the trial court overlooked his lack of prior criminal record. This is not so. At Hmurovic's first sentencing hearing on February 11, 2015, the court addressed Hmurovic: "You have no criminal history. It's something that needs to be taken into account and that's certainly to your credit." Tr. Vol. II, p. 325. In both its judgment orders, the court then noted that it had found no factor as would tend to weigh in favor of a less severe sentence.

[17] This determination was not clearly against the logic and effect of the circumstances before the court: a decade-long campaign of exploiting a most vulnerable person, "criminal behavior . . . which [Hmurovic] engaged in regularly and remorselessly[,]"[1] Appellee's Br. at 15, together with record evidence of multiple instances of uncharged wrongdoing in connection with this exploitation. *See id.* It is apparent to us that, rather than overlooking

---

[1] Beyond his refusal to accept his own guilt in the face of overwhelming evidence of it, Hmurovic went so far as to express his regret to investigators that he only had sex with his daughter once or twice a week rather than five times a week. Tr. Vol. II, pp. 256-57.

Hmurovic's lack of prior criminal record, the trial court determined it was not significant and thus would not be a factor influencing the trial court's decision. *See Anglemyer*, 868 N.E.2d at 493 (same analysis with respect to trial court's acknowledgment of defendant's mental illness but failure to weigh it in mitigation). To the extent that Hmurovic claims his lack of prior record was given too little weight, that claim is not available to him on our review here. *Id.* at 493–94.

[18] Hmurovic next complains that the trial court overlooked his "positive work evaluations" earned since his incarceration. Appellant's Br. at 8. The GEO Group, Inc., reported that Hmurovic "has held a dorm detail job for the majority of his commitment and has maintained positive work evaluations." Appellant's App. Vol. IV, p. 166. While The GEO Group, Inc., is no doubt pleased by Hmurovic's effectiveness in his position, it was Hmurovic's burden to show both that the proffered mitigator was significant and that it was clearly supported by the record. Specifically, Hmurovic has never made a showing or an argument as to what a "positive work evaluation[]" means or implies, *id.*, and what impact such an evaluation should have on his sentence. The trial court did not abuse its discretion in concluding that Hmurovic's proffered mitigator was not significant, or that its significance was not clearly supported by the record.

[19] Hmurovic next complains of the trial court's use of the word "abuse" twice in its sentencing statement. Appellant's App. Vol. III, p. 168. Hmurovic's argument on this point refers to the facts that "abuse" in the Indiana Code often

refers to child abuse, that the Class C felony conviction was for conduct occurring after E.H. had turned eighteen, and that E.H. was able to understand the nature of the use immunity she had been granted by the State to the satisfaction of the trial judge. Appellant's Br. at 9. To the extent that Hmurovic's position appears to be that persons over eighteen capable of understanding use immunity cannot be abused, sexually or otherwise, we reject this position as unsupported by cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a). The abusive nature of Hmurovic's conduct was amply supported by the record. In any event, we can say with confidence that the trial court would have imposed the same sentence had it chosen a different word to characterize Hmurovic's conduct.

[20]     Hmurovic complains finally of the trial court's finding that his conduct took place over ten years or more. He understands our disposition of his first appeal to require a contrary finding. However, Hmurovic has misunderstood our disposition of that case and its relevance for this appeal. We reversed his Class B felony conviction because the State had not proved beyond a reasonable doubt that he had sex with E.H. when she was fourteen or fifteen years old, as required by statute. *Hmurovic*, 43 N.E.3d at 688. However, this did not disturb the trial court's finding that Hmurovic's conduct lasted for ten years or more. E.H. gave birth, and Hmurovic was arrested, in first half of 2014. In August 2005, "the sexual activity between Hmurovic and his teenage daughter had been going on for quite some time." *Id.* at 686. Also, "E.H. '[k]ind of' remembered sexual activity with her dad around the age of sixteen[,]" in 2003

or 2004. *Id.* Thus, there was ample basis in the record for the trial court's finding, and no abuse of discretion.

## II. Hmurovic's Sentence Was Not Inappropriate

[21]     We have the authority, granted by our constitution and implemented by the Appellate Rules, to review and revise a lawfully imposed sentence "if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (implementing Ind. Const. Art. 7, § 6). The primary purpose of such review is to "leaven the outliers," that is, to promote consistency and uniformity in sentencing by restraining extraordinarily harsh or lenient sentences. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We examine the full range of penal consequences, *id.*, in light of the offender's culpability, the severity of the crime, the harm done to others, and any other relevant facts of the individual case. *Id.* at 1224.

[22]     Hmurovic bears the heavy burden of persuading us he has been inappropriately sentenced. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Due consideration of the trial court's decision demands "considerable deference" on our part, *Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015), to the trial court's "special expertise" in the fact-intensive sentencing process. *Scott v. State*, 840 N.E.2d 376, 381 (Ind. Ct. App. 2006), *trans. denied*. Such deference prevails "unless overcome by compelling evidence portraying [the offense and the offender] in a positive light." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[23] Hmurovic has not carried his burden here. As for the nature of his offense, Hmurovic again refers to the facts that the Class C felony conviction was for conduct occurring after E.H. had turned eighteen, and that E.H. was able to understand the concept of use immunity. These facts are not compelling, do not portray the offense in a positive light, and indeed are barely relevant to the question of Hmurovic's culpability.

[24] As for his character, Hmurovic again refers to the fact that he had no prior criminal record. In context, the trial court concluded this fact merited no weight in mitigation, and we will not disturb that conclusion. Hmurovic refers further to the facts that he was employed before his conviction and that he was rated a low re-offense risk by the presentence report investigator. The trial court expressly rejected the latter conclusion at Hmurovic's first sentencing: "I truly believe that if you were to be out in any short period of time that you would go right back to your daughter and do it all over again." Tr. Vol. II, p. 329. The trial court was in the best position to reach that conclusion, and again we will not disturb it. Finally, we cannot perceive how the mere fact of Hmurovic's employment before his conviction portrays his character in a positive light.

[25] Hmurovic has not carried his burden to show his sentence was inappropriate.

## Conclusion

[26] The trial court did not overlook significant mitigators clearly supported by the record, did not find aggravators not supported by the record, and did not

impose a sentence that was inappropriate in light of Hmurovic's offense and character. The trial court's judgment is therefore affirmed.

[27] Affirmed.

Kirsch, J., and Altice, J., concur.