## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2017, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric D. Huffman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 21, 2017

Court of Appeals Case No.
90A04-1707-CR-1683

Appeal from the Wells Circuit Court

The Honorable Kenton W. Kiracofe, Judge

Trial Court Cause No.
90C01-1512-F4-13

**Baker, Judge.**

[1] Eric Huffman appeals the sentence imposed by the trial court after he was convicted of Level 4 Felony Burglary,[1] Level 4 Felony Unlawful Possession of a Firearm by a Serious Violent Felon,[2] and Level 6 Felony Theft,[3] and was found to be an Habitual Offender.[4] Huffman argues that the trial court erred by increasing the habitual offender enhancement after this Court remanded for resentencing following Huffman's first appeal and that the sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] On December 28, 2015, Huffman was driving a white pick-up truck belonging to his ex-girlfriend, Cinda Sweeden. Sweeden, her four-year-old son, and Huffman's wife, Danielle Huffman (Danielle), were also in the vehicle. Huffman told the other occupants of the vehicle that he needed to make a few stops.

[3] At a trailer in the country outside of Montpelier, Huffman went in the front door and exited through the back door, emerging carrying a small flat-screen television, which he placed in the truck. He kept driving north and stopped at a

---

[1] Ind. Code § 35-43-2-1.

[2] Ind. Code § 35-47-4-5.

[3] I.C. § 35-43-4-2.

[4] Ind. Code § 35-50-2-8.

house on State Road 218. The house belongs to Donald Burns, whom Huffman knew because he used to date Burns's aunt; Huffman had spent time in the home in the past. He entered the garage attached to the house and broke the glass in the door leading into the residence. He then entered the residence, stealing a large flat-screen television and five firearms. Huffman then drove away, planning to sell the firearms for cash at a pawn shop. Burns's brother saw the truck leaving Burns's property, noticed that the glass in the door was broken, and notified law enforcement. Eventually, law enforcement identified Huffman as the burglar.

[4] On December 30, 2015, the State charged Huffman with multiple offenses, which were ultimately amended to include charges for Level 4 felony burglary, Level 4 felony unlawful possession of a firearm by a serious violent felon, and Level 6 felony theft, as well as an allegation that Huffman is an habitual offender. Huffman's bifurcated jury trial took place on October 24 and 25, 2016. On the second day of trial, Huffman removed his leg restraints during lunch and fled the courthouse. He encountered a private citizen, struck that person with a tool, and attempted to steal that person's vehicle before he was finally apprehended.[5] After the trial was complete, the jury found him guilty as charged and Huffman admitted to being a serious violent felon and an habitual offender.

---

[5] Huffman was ultimately convicted of Level 2 felony escape and Level 2 felony kidnapping as a result of this incident.

[5] On November 23, 2016, the trial court sentenced Huffman to twelve years for burglary, enhanced by fifteen years for the habitual offender adjudication; two and one-half years for theft; and twelve years for unlawful possession of a firearm. The trial court ordered the sentences to run consecutively, for an aggregate sentence of forty-one and one-half years imprisonment.

[6] Huffman appealed his sentence, arguing that the trial court erred by ordering his sentence for unlawful possession of a firearm by a serious violent felon and his enhanced sentence for burglary to be served consecutively. *Huffman v. State*, No. 90A02-1612-CR-2791 (Ind. Ct. App. May 9, 2017). The State conceded, and this Court agreed, that the trial court erred:

> The finding that Huffman was an habitual offender was based in part on his prior escape conviction; his status as a serious violent felon was based on that same escape conviction. Because the enhancements of two separate counts were based on the same prior conviction, ordering the sentences to be served consecutively constitutes an improper double enhancement.

*Id.* at *2. Consequently, this Court reversed and remanded "to resentence Huffman to concurrent terms on the burglary and unlawful possession counts so as to alleviate the double enhancement." *Id.*

[7] On remand, the trial court held a new sentencing hearing on July 28, 2017. It resentenced Huffman as follows: twelve years for burglary, enhanced by twenty years for the habitual offender adjudication; two and one-half years for theft; and twelve years for unlawful possession by a serious violent felon. The trial

court ordered the sentences to be served concurrently, for an aggregate sentence of thirty-two years imprisonment. Huffman now appeals.

# Discussion and Decision

## I. Increase of Habitual Offender Enhancement

[8] Huffman first argues that the trial court erred by increasing the habitual offender enhancement from fifteen to twenty years on resentencing. As a general rule, a trial court may not impose a "greater sentence" on a criminal defendant after a successful appeal of his conviction. *Owens v. State*, 916 N.E.2d 913, 916 (Ind. Ct. App. 2009). This rule does not apply, however, where "'an aggregate sentence is reduced, but some of the interdependent sentences in a sentencing package are increased following a successful appeal of some of the individual counts.'" *Id.* (quoting *In re Craig*, 571 N.E.2d 1326, 1328-29 (Ind. Ct. App. 1991) (internal quotation marks omitted)). In other words, "[w]e join with those courts who allow the trial court flexibility upon remand, including the ability to increase sentences for individual convictions . . . , so long as the aggregate sentence is no longer than originally imposed." *Sanjari v. State*, 981 N.E.2d 578, 583 (Ind. Ct. App. 2013).

[9] In this case, while the trial court increased the habitual offender enhancement from fifteen to twenty years, the aggregate sentence decreased from forty-one and one-half years to thirty-two years imprisonment. Because the aggregate sentence was reduced, Huffman's argument is unavailing. *See id.* at 583 (noting that when one component part of a sentence is altered, "'common sense

dictates that the judge should be free to . . . reconstruct the sentencing architecture upon remand, . . . if that appears necessary in order to ensure that the punishment still fits both the crime and criminal'") (quoting *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989)).

## II. Appropriateness

[10] Huffman also contends that the sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[11] Huffman was convicted of two Level 4 felonies and one Level 6 felony and was found to be an habitual offender. For the Level 4 felony convictions, he faced a sentence of two to twelve years imprisonment, with an advisory term of six years. I.C. § 35-50-2-5.5. The trial court imposed a maximum twelve-year term for each of these convictions. For the Level 6 felony conviction, Huffman faced a sentence of six months to two and one-half years imprisonment, with an advisory term of one year. I.C. § 35-50-2-7(b). The trial court imposed a maximum term of two and one-half years. For the habitual offender adjudication, Huffman faced a sentence enhancement of six to twenty years,

I.C. § 35-50-2-8(i)(1); on remand, he received a maximum twenty-year enhancement. As noted above, the trial court ordered all sentences to be served concurrently, for an aggregate term of thirty-two years imprisonment.

[12] As for the nature of Huffman's offenses, he burglarized a residence while his wife, ex-girlfriend, and ex-girlfriend's four-year-old son were present. After stealing a television and five firearms, which he knew he could not possess because he was a convicted felon, he tried to pawn the firearms for cash.

[13] As for Huffman's character, in addition to placing innocent people at risk during the commission of these crimes, while awaiting trial he tried to convince his wife to state falsely that she committed the burglary. And on the second day of trial, he absconded and assaulted a private citizen; as a result, he was convicted of two Level 2 felonies prior to the resentencing in this case.

[14] Moreover, Huffman has a lengthy and serious criminal history. In addition to two juvenile adjudications and two misdemeanor convictions, he has amassed six felony convictions, including Class C felony burglary, Class D felony theft, Class C felony escape, and Class D felony strangulation. At the time of Huffman's original sentencing in this case, he had three cases pending in addition to the case stemming from his escape during trial: burglary and theft; theft; and prisoner in possession of a deadly weapon. He has had the benefit of shorter and longer sentences, probation, and parole, but shows no willingness or ability to respect the well-being of his fellow citizens or the rule of law. Under these circumstances, we do not find the aggregate thirty-two-year

sentence inappropriate in light of the nature of the offenses and Huffman's character.

[15] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.