## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2018, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher D. McCoy, *Appellant-Defendant,* | September 19, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1022 |
| | Appeal from the Clark Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Andrew Adams, Judge |
| | Trial Court Cause No. 10C01-1505-FA-5 |

**Kirsch, Judge.**

[1] Christopher D. McCoy ("McCoy") appeals from the trial court's order on the resentencing ordered by this court in *McCoy v. State*, 96 N.E.3d 95 (Ind. Ct. App. 2018). In its new sentencing order, the trial court sentenced McCoy to twelve years for Class C felony child molesting and eight years for Level 4 felony child molesting.[1] McCoy raises two issues for our review, of which we find the following dispositive: whether his twelve-year sentence for Class C felony child molesting is illegal. We reverse and remand for resentencing.

## Facts and Procedural History

[2] Toward the end of 2013, McCoy began molesting S.M., his ten-year-old adopted daughter. He fondled S.M.'s vagina and made her "clean" his penis in the shower by masturbating it until he ejaculated. *Appellant's App. Vol. II* at 5-7. At least twice McCoy partially penetrated S.M.'s vagina, once with his penis and another time with an item described as "blue rubber with several connected circles." *Id*. He also touched the exterior of her vagina with a vibrator. *Id*. These and other acts continued through January of 2015.

[3] The State charged McCoy under Indiana Code section 35-42-4-3 with four counts of child molesting, two committed before July 1, 2014 and two committed after June 30, 2014: Count I, a Class A felony; Count II, a Class C

---

[1] *See* Ind. Code § 35-42-4-3(b). We note that both of these counts of child molesting were charged under Indiana Code section 35-42-4-3(b). The classifications of these charges are different, however, because the Class C felony was committed prior to July 1, 2014 and the Level 4 felony was committed after June 30, 2014, a date when a new version of the criminal statute was enacted, which changed the classifications of crimes to levels rather than classes.

felony; Count III, a Level 1 felony; and Count IV, a Level 4 felony. *McCoy v. State*, 96 N.E.3d 95, 97 (Ind. Ct. App. 2018); *Appellant's App. Vol. II* at 3. In January of 2017, McCoy entered into an open plea agreement in which he agreed to plead guilty to Count II, Class C felony child molesting and Count IV, Level 4 felony child molesting, and, in exchange, the State agreed to dismiss Counts I and III. *Appellant's App. Vol. III* at 19-22.

[4] The trial court imposed an eight-year sentence on the Class C felony and a twelve-year sentence on the Level 4 felony with four years to be served on Community Corrections. *Appellant's App. Vol. II* at 125, 130, 187; *McCoy*, 96 N.E.3d at 98. On direct review, we found that the trial court erroneously classified McCoy as a credit restricted felon and relied on two invalid aggravating factors. We also found that the sentencing order did not clearly state whether McCoy was to serve the sentences concurrently or consecutively and what, if any, mitigating factors were found by the trial court. We remanded for resentencing. *See McCoy*, 96 N.E.3d at 99, 100-02.

[5] When resentencing McCoy, the trial court correctly observed that the sentencing range for a Class C felony is between two and eight years and that the sentencing range for a Level 4 felony is between two and twelve years. *Tr. Vol. II* at 11. However, moments later, the trial court appeared to transpose

those ranges when it imposed a twelve-year sentence on the Class C felony and an eight-year sentence on the Level 4 felony. *Id.* at 12.[2]

## Discussion and Decision

McCoy argues that his twelve-year sentence for Class C felony child molesting is illegal and should be reversed. The State agrees that the sentence is illegal but asks us to remand the case to let the trial court clarify whether it inadvertently transposed the sentences for Count II and Count IV, or whether it intended to revise both sentences from the original sentencing order.

A trial court may impose any sentence authorized by statute and the Indiana Constitution. Ind. Code § 35-38-1-7.1(d). Although a sentencing judge holds broad discretion, he or she must act within statutorily prescribed limits. *Dillman v. State*, 16 N.E.3d 445, 448 (Ind. Ct. App. 2014). A sentence contrary to the penalty mandated by statute is illegal. *Id.*; *compare Poore v. State*, 613 N.E.2d 478, 480 (Ind. Ct. App. 1993) (a facially defective sentence is one that violates express statutory authority).

We acknowledge that the trial court here may have intended to impose the same sentence it ordered the first time but simply transposed the sentences. Nonetheless, the twelve-year sentence it imposed for the Class C felony is

---

[2] The trial court also ordered consecutive sentences and, as it had done at the first sentencing hearing, it allowed McCoy to serve his final four years on Community Corrections. *Id.* at 12; *Appellant's App. Vol. III* at 19, 72).

outside the statutorily prescribed range, which is two to eight years. *See* Ind. Code § 35-50-2-6(a). Thus, the sentence is illegal.

[9] McCoy asks this court to "reverse" the sentence without specifying a term of years, other than to suggest that we could revise the sentence to eight years in accord with the trial court's apparent desire to impose the maximum sentence. McCoy urges this court to resist the State's request for a full resentencing because he challenges only the Class C felony sentence. However, such a limitation would undermine the trial court's ability to craft an aggregate sentence in accord with its determination about McCoy's culpability and the severity of his offenses. Therefore, under these circumstances, a "trial court [has] flexibility upon remand, including the ability to increase sentences for individual convictions without giving rise to a presumption of vindictive sentencing, so long as the aggregate sentence is no longer than originally imposed." *Sanjari v. State*, 981 N.E.2d 578, 583 (Ind. Ct. App. 2013), *trans. denied*. This flexibility recognizes that "a trial court is likely to view individual sentences in a multi-count proceeding as part of an overall plan, a plan that can be overthrown if one or more of the convictions is reversed or reduced in degree." *See id.* Therefore, the trial court may simply revert to its original sentence as to the length of each individual sentence or impose other sentences on each count so long as those sentences lie within statutory parameters.

[10] Reversed and remanded with instructions.

Vaidik, C.J., and Riley, J., concur.