

FILED

Feb 28 2018, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher D. McCoy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 28, 2018

Court of Appeals Case No.
10A05-1703-CR-681

Appeal from the Clark Circuit
Court 1

The Honorable Andrew Adams,
Judge

Trial Court Cause No.
10C01-1505-FA-005

**Vaidik, Chief Judge.**

# Case Summary

[1] Indiana's child-molesting statute, Indiana Code section 35-42-4-3, establishes two categories of molestation. Subsection (a) addresses molestation by sexual intercourse or "other sexual conduct" (formerly referred to as "deviate sexual

conduct"), which is generally a Level 3 felony. Subsection (b) addresses molestation by "fondling or touching," which is generally a Level 4 felony.

[2] A related statute says that a person who has been "convicted of . . . [c]hild molesting involving sexual intercourse, deviate sexual conduct . . . or other sexual conduct" could, under certain circumstances, be designated a "credit restricted felon." Ind. Code § 35-31.5-2-72. Such a designation significantly decreases the amount of good-time credit the person earns.

[3] We must decide whether a person who pleads guilty to charges of molestation by "fondling or touching"—but in doing so does not dispute evidence that his molestation included deviate/other sexual conduct (in this case, oral sex and vaginal penetration with an object)—has been "convicted" of child molesting involving deviate/other sexual conduct for purposes of the credit-restricted-felon statute. We hold that he has not.

## Facts and Procedural History

[4] In December 2014, the mother of eleven-year-old S.M. reported to police that Christopher McCoy, S.M.'s thirty-year-old adoptive father, had been molesting S.M. Five months later, the State charged Christopher McCoy with four counts of child molesting under Indiana Code section 35-42-4-3. The State alleged that the molestation occurred both before and after July 1, 2014, when Indiana switched from felony "classes" to felony "levels." In Count I, the State charged McCoy with child molesting as a Class A felony as follows:

> Between May 2, 2013 and June 30, 2014, in Clark County, State
> of Indiana, CHRISTOPHER D. MCCOY, a person at least 21
> years of age, performed or submitted to sexual intercourse with
> S.M., a child under fourteen (14) years of age.

Appellant's App. Vol. II p. 16. In Count II, the State charged McCoy with child molesting as a Class C felony as follows:

> Between May 2, 2013 and June 30, 2014, in Clark County, State
> of Indiana, CHRISTOPHER D. MCCOY, with S.M., a child
> under fourteen (14) years of age, performed or submitted to any
> fondling or touching of either the child or the older person, with
> intent to arouse or to satisfy the sexual desires of either the child
> or the older person, to-wit: touching and rubbing S.M.'s vagina
> and/or having S.M. rub his penis.

*Id*. In Count III, the State charged McCoy with child molesting as a Level 1 felony as follows:

> Between July 1, 2014 and December 27, 2014, in Clark County,
> State of Indiana, CHRISTOPHER D. MCCOY, a person at least
> 21 years of age, performed or submitted to sexual intercourse
> with S.M., a child under fourteen (14) years of age.

*Id*. And in Count IV, the State charged McCoy with child molesting as a Level 4 felony as follows:

> Between July 1, 2014 and December 27, 2014, in Clark County,
> State of Indiana, CHRISTOPHER D. MCCOY, with S.M., a
> child under fourteen (14) years of age, performed or submitted to
> any fondling or touching of either the child or the older person,
> with intent to arouse or to satisfy the sexual desires of either the

child or the older person, to-wit: touching and rubbing S.M.'s vagina and/or having S.M. rub his penis.

*Id.*

[5] In January 2017, the parties reached a plea agreement under which the State would dismiss the two most serious charges (Counts I and III) and McCoy would plead guilty on the two lesser charges (Counts II and IV), with sentencing left to the trial court's discretion. At the guilty-plea hearing, when the court asked for a factual basis, McCoy's attorney recited the allegations in Counts II and IV, and McCoy admitted that they were true. The court then asked the prosecutor if she had anything to add, and she moved to "admit the Probable Cause Affidavit into the factual basis." Guilty Plea Tr. p. 13. McCoy's attorney said he had no objection, and the court granted the motion. Among other things, the probable-cause affidavit included a statement by S.M. that McCoy had penetrated her vagina with an object she described as "blue rubber with several connected circles." Appellant's App. Vol. II p. 21.

[6] At the sentencing hearing, S.M.'s mother testified that McCoy had also engaged in oral sex with S.M. McCoy did not dispute that evidence. The trial court identified four aggravating factors: (1) the harm, injury, loss, or damage suffered by S.M. and her mother was significant and greater than the elements necessary to prove the commission of the offenses, given that they "developed mental health issues" following the offenses; (2) S.M. was less than twelve years old at the time of the offenses; (3) McCoy committed a crime of violence and knowingly committed the offense in the presence or within hearing of

individuals who were less than eighteen (S.M.'s younger siblings); and (4) McCoy was in a position of care, custody, or control with S.M. Sent. Tr. pp. 31-32. Regarding mitigating factors, the court said: "The Court is going to note that the mitigation argued by the defense of no criminal history, that the Pre-Sentence Investigative Report, likely to respond to probation and not likely to commit another criminal offense is argued." *Id*. at 32.

[7] The trial court found that "the aggravators outweigh the mitigators" and said that it was imposing the maximum sentence of eight years on Count II and the maximum sentence of twelve years on Count IV, "leaving a total sentence of twenty years." *Id*. In its written judgment and the abstract of judgment, however, the court indicated that the two sentences would run concurrently, which would result in a total of twelve years to serve. Appellant's App. Vol. II pp. 134-39, 151-53. The court also designated McCoy a "credit restricted felon," meaning that he would earn one day of good-time credit for every six days he is imprisoned, rather than one day for every day or three days served, which is what most prisoners earn. *See* Ind. Code §§ 35-50-6-3, -3.1, -4.

[8] McCoy now appeals.

# Discussion and Decision

[9] McCoy appeals his sentence, arguing that it is inappropriate and challenging the trial court's finding of aggravators and mitigators. He also contends that the trial court erred by designating him a credit-restricted felon.

# I. Sentencing

McCoy first asserts that the trial court sentenced him to "a total of twenty (20) years," Appellant's Br. p. 7, and that twenty years is an inappropriate sentence that we should revise pursuant to Indiana Appellate Rule 7(B). We do not reach this argument because we cannot say with confidence that the trial court actually intended to impose a sentence of twenty years. It is true that, at the sentencing hearing, the trial court said it was sentencing McCoy to eight years on Count II and twelve years on Count IV, "leaving a total sentence of twenty years," an indication that the sentences are to run consecutively. In its written sentencing documents, though, the court indicated that the two sentences would run concurrently, which would leave just twelve years to serve. In light of this conflict, we remand this matter to the trial court for clarification of its sentencing decision, including whether the sentences will run consecutively or concurrently, and we do not address McCoy's claim that a twenty-year sentence would be inappropriate.

We will, however, address McCoy's challenge to the trial court's finding of aggravators and mitigators, since our resolution could impact the proceedings on remand. Our trial courts enjoy broad discretion in identifying aggravating and mitigating factors, and we will reverse only for an abuse of that discretion. *Coy v. State*, 999 N.E.2d 937, 946 (Ind. Ct. App. 2013).

McCoy first asserts that there is no evidence supporting the trial court's finding that he committed his offenses in the presence or within hearing of S.M.'s

younger siblings. The State does not argue otherwise, so we agree with McCoy that the trial court abused its discretion by finding this aggravator.

[13] Second, McCoy contends that the trial court should not have relied on the fact that S.M. was under twelve as an aggravating circumstance, since her age at the time of the offenses was an element of the charges against McCoy ("child under fourteen (14) years of age"). Again, we must agree. While the victim being under twelve can be an aggravator, *see* Ind. Code § 35-38-1-7.1(a)(3), our Supreme Court has made clear that "[w]hen the age of a victim constitutes a material element of the crime," the trial court cannot treat it as an aggravating circumstance unless it sets forth "particularized circumstances" justifying such treatment, *McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001); *see also Reyes v. State*, 909 N.E.2d 1124, 1128 (Ind. Ct. App. 2009) (upholding use of molestation victim's age as aggravator where trial court addressed relevance of age); *Sullivan v. State*, 836 N.E.2d 1031, 1035 (Ind. Ct. App. 2005) (same). Here, the trial court did not set forth any such particularized circumstances, so we are constrained to conclude that the under-twelve aggravator is improper.

[14] McCoy also asserts that the trial court should have found his guilty plea to be a mitigating factor. He cites *Cotto v. State*, where our Supreme Court held that while a guilty plea "is not necessarily a significant mitigating factor," it is error for a trial court to fail to identify a plea as a mitigator "at all." 829 N.E.2d 520, 525-26 (Ind. 2005). Two years later, however, the Court held that an allegation that the trial court abused its discretion by failing to identify a guilty plea as a mitigator "requires the defendant to establish that the mitigating evidence is not

only supported by the record **but also that the mitigating evidence is significant**." *Anglemyer v. State*, 875 N.E.2d 218, 220-21 (Ind. 2007) (emphasis added). "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility or when the defendant receives a substantial benefit in return for the plea." *Id.* at 221 (citation omitted). Here, to the extent that McCoy accepted responsibility, he didn't do so until more than eighteen months after he was charged. In addition, he does not dispute that he received a substantial benefit as a result of his plea in that the State dismissed the two most serious charges against him. Therefore, we cannot say that the trial court abused its discretion by not treating McCoy's guilty plea as a mitigator.

[15] We do ask that, on remand, the trial court clarify its conclusions regarding mitigating circumstances. At the sentencing hearing, the court stated: "The Court is going to **note that the mitigation argued by the defense** of no criminal history, that the Pre-Sentence Investigative Report, likely to respond to probation and not likely to commit another criminal offense **is argued**." Sent. Tr. p. 32 (emphases added). From this language, we cannot tell if the trial court actually found the mitigators listed or was instead simply acknowledging the fact that the defense argued those mitigators.

## II. Credit Restricted Felon

[16] In addition to challenging his sentence, McCoy argues that the trial court erred by designating him a credit-restricted felon. His argument requires us to

consider, for the first time, the interplay between two statutes: Indiana Code sections 35-31.5-2-72, which defines "credit restricted felon," and 35-38-1-7.8, which sets forth the procedure for determining whether a particular defendant meets that definition. Statutory interpretation is an issue of law that we review de novo. *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017).

[17] Section 35-31.5-2-72 defines "credit restricted felon" as a person who has been convicted of one or more particularly serious sex-related crimes:

> "Credit restricted felon" means a person who has been convicted of at least one (1) of the following offenses:
>
> (1) Child molesting involving sexual intercourse, deviate sexual conduct (IC 35-42-4-3(a), before its amendment on July 1, 2014) for a crime committed before July 1, 2014, or other sexual conduct (as defined in IC 35-31.5-2-221.5) for a crime committed after June 30, 2014, if:
>
> > (A) the offense is committed by a person at least twenty-one (21) years of age; and
> >
> > (B) the victim is less than twelve (12) years of age.
>
> (2) Child molesting (IC 35-42-4-3) resulting in serious bodily injury or death.
>
> (3) Murder (IC 35-42-1-1), if:
>
> > (A) the person killed the victim while committing or attempting to commit child molesting (IC 35-42-4-3);

(B) the victim was the victim of a sex crime under IC 35-42-4 for which the person was convicted; or

(C) the victim of the murder was listed by the state or known by the person to be a witness against the person in a prosecution for a sex crime under IC 35-42-4 and the person committed the murder with the intent to prevent the victim from testifying.

Because it is undisputed that McCoy has not been convicted of an offense under subsection (2) (child molesting resulting in serious bodily injury or death) or subsection (3) (murder), the issue is whether he has been convicted of an offense under subsection (1). The State argues that he has; McCoy argues that he has not. We agree with McCoy.

[18] Again, a person can be a credit-restricted felon under subsection (1) only if he or she has been "convicted" of "[c]hild molesting involving sexual intercourse, deviate sexual conduct (IC 35-42-4-3(a), before its amendment on July 1, 2014) for a crime committed before July 1, 2014, or other sexual conduct (as defined in IC 35-31.5-2-221.5) for a crime committed after June 30, 2014[.]" This language plainly corresponds with subsection (a) of the child-molesting statute, Indiana Code section 35-42-4-3, which addresses molestation by "sexual intercourse or other sexual conduct" (before July 1, 2014, "other sexual conduct" was referred to as "deviate sexual conduct"). As such, subsection (1) of the credit-restricted-felon statute can apply only if the defendant has been convicted of an offense under subsection (a) of the child-molesting statute. McCoy, however, pled guilty only to, and was therefore "convicted" only of,

offenses under subsection (b) of the child-molesting statute, which addresses molestation by "fondling or touching." *See* I.C. § 35-42-4-3(b); Appellant's App. Vol II p. 16 (charging information).

[19] The State contends that subsection (1) of the credit-restricted-felon statute should be read to apply to "fondling or touching" convictions under subsection (b) of the child-molesting statute in cases where there is evidence that the defendant "went beyond fondling," Appellee's Br. p. 20, and engaged in deviate/other sexual conduct, which is defined as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-31.5-2-221.5 (formerly Ind. Code § 35-31.5-2-94). Here, evidence was presented at the guilty-plea hearing and the sentencing hearing that McCoy's molestation of S.M. included oral sex and penetration of S.M.'s vagina by an object.

[20] In support of its position, the State relies on Section 35-38-1-7.8, which provides:

> (a) At the time of sentencing, a court shall determine whether a person is a credit restricted felon (as defined in IC 35-31.5-2-72).
>
> (b) A determination under subsection (a) must be based upon:
>
>> (1) evidence admitted at trial that is relevant to the credit restricted status;
>>
>> (2) evidence introduced at the sentencing hearing; or

> (3) a factual basis provided as part of a guilty plea.

> (c) Upon determining that a defendant is a credit restricted felon, a court shall advise the defendant of the consequences of this determination.

The State asserts that the fact that the trial court is allowed to consider evidence from trial and sentencing or the guilty-plea factual basis makes "clear that it is not just the elements of conviction itself that matters" but also "the facts and circumstances surrounding a conviction for child molesting that involves sexual intercourse, deviate sexual conduct, or other sexual conduct." Appellee's Br. p. 21. In other words, the State contends that the trial court was entitled to find that McCoy has been "convicted" of child molesting "involving" deviate sexual conduct or other sexual conduct—even though he pled guilty only to "fondling or touching"—in light of the evidence of oral sex and penetration by an object. We disagree. The fact that McCoy **engaged** in deviate/other sexual conduct does not mean that he was **convicted** of such conduct, which is what the credit-restricted-felon statute requires. *See* I.C. § 35-31.5-2-72. McCoy was **convicted** only of "fondling or touching" under subsection (b) of the child-molesting statute.

[21]    So what is the purpose of Section 35-38-1-7.8(b) as it relates to subsection (1) of the credit-restricted-felon statute? We believe that the former provision is directed at what we have called the "special circumstances" that must be found under the latter provision, in addition to the qualifying conviction under subsection (a) of the child-molesting statute. *See White v. State*, 961 N.E.2d 54,

56 (Ind. Ct. App. 2012), *trans. denied*. Specifically, Section 35-31.5-2-72(1) provides that a person convicted under subsection (a) of the child-molesting statute is a credit-restricted felon only "**if**: (A) the offense is committed by a person at least twenty-one (21) years of age; and (B) the victim is less than twelve (12) years of age." (Emphasis added). It is in determining the ages of the parties that trial courts will often have to examine the record and make factual findings.[1] But before addressing the required special circumstances, the court must first ensure that the defendant has a conviction under subsection (a) of the child-molesting statute, which is simply a matter of knowing the count or counts on which a judgment of conviction was entered and what the defendant was charged with in each such count.

[22] Because McCoy has not been convicted of an offense under subsection (a) of the child-molesting statute, Section 35-31.5-2-72(1) cannot apply to him, and the trial court erred by designating him a credit-restricted felon. Therefore, on remand, the trial court must remove that designation and notify the Department of Correction accordingly.

[23] Reversed in part and remanded.

---

[1] The offense being "committed by a person at least twenty-one (21) years of age" is a fact that will often be included in the charge and conviction, since it is a fact that raises a conviction under subsection (a) of the child-molesting statute from a Level 3 felony to a Level 1 felony. *See* I.C. § 35-42-4-3(a)(1). The victim being "less than twelve (12) years of age," however, is not an aggravating factor under the child-molesting statute and generally will not be included in the charge and conviction, so the trial court will typically have to look to the broader record to make that determination. *See Pierce v. State*, 29 N.E.3d 1258, 1270-71 (Ind. 2015) (affirming trial court's determination that child-molesting victim was less than twelve at time of offense).

May, J., and Altice, J., concur.