## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 05 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rusty Allen Reesor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 5, 2018

Court of Appeals Case No.
10A01-1712-CR-2790

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge

Trial Court Cause No.
10C01-1605-F1-001

**Vaidik, Chief Judge.**

# Case Summary

[1] Rusty Reesor appeals his conviction and sentence for attempted child molesting, arguing that the trial court admitted improper vouching testimony and wrongly relied on the victim's age as an aggravator. We affirm.

# Facts and Procedural History

[2] In 2015, A.W. and her mother, Carolyn, moved to Jeffersonville. Sometime after the move, Carolyn began working nights at Amazon and needed someone to babysit A.W. In January 2016, when A.W. was nine years old, Carolyn temporarily hired Reesor, a neighbor, as her babysitter. The arrangement was for Reesor to babysit A.W. in Carolyn's home and to make sure that A.W. completed her homework, showered, and was in bed by nine at night. For two months, Reesor was A.W.'s sole caretaker from the time she got home from school through the early morning.

[3] Sometime in the ten days before her spring break started in March 2016, A.W. was watching television with Reesor and asked to sit on his lap because her back was hurting. While A.W. was sitting on Reesor's lap, he pulled down her leggings and removed his penis from his pants. Then Reesor "started putting his wiener in [A.W.'s] . . . butthole . . . then he slowly took it out and it hurt." Tr. Vol. II. p. 33. After A.W. complained that he was hurting her, Reesor stopped. On several other occasions during his final ten days as her babysitter,

Reesor used his hands and penis to "play in [A.W.'s vagina] . . . ." *Id.* at 34, 44.

[4] When her spring break began, A.W. began staying at another neighbor's apartment and told this neighbor what Reesor had done to her. The neighbor called Carolyn, who contacted police. Detective Isaac Parker of the Jeffersonville Police Department was assigned to investigate. In April 2016, social workers conducted a forensic interview of A.W. at the Family & Children's Place in Jeffersonville. Detective Parker attended the interview and watched from a neighboring room. According to Detective Parker, during the interview A.W. alleged that Reesor had "fondled her vagina with both hands and his penis" and that during one specific incident, his penis was "touching her butto[cks] and she felt pain." *Id.* at 75. Detective Parker then interviewed Reesor. Reesor told Detective Parker that A.W. "had reached into his pants and removed his penis and that she had placed his penis down her shorts to touch her butto[cks]." *Id.* at 83. Reesor recalled a time when "his bare penis touched her butto[cks] . . . in this instance . . . she did complain of pain." *Id.* Reesor also said that he had touched A.W.'s vagina with his hands and penis. Reesor told Detective Parker that he had sexual contact with A.W. on ten consecutive days during the last month that he babysat her and that the reason he did not stop was "because he hadn't had a girlfriend in a while." *Id.* at 89.

[5] The State ultimately charged Reesor with one count of Level 1 felony attempted child molesting ("putting his penis to the anus of A.W. and applying pressure") and two counts of Level 4 felony child molesting (touching his penis to A.W.'s

vagina and fondling A.W.'s vagina with his hands). Appellant's App. Vol. II. p. 44.

[6] At the bench trial in August 2017, ten-year-old A.W. testified that Reesor had touched her vagina and "butt" with his hands and penis and on one occasion Reesor "started putting his wiener in [her] butt slowly." Tr. Vol. II pp. 32-33. A.W. clarified that Reesor touched the "butthole" part of her butt and that "he slowly took it out and it hurt . . . it kind of did went [sic] inside, but a little bit halfway." *Id.* at 33. Detective Parker also testified and recounted the allegations made by A.W. during her forensic interview (without a hearsay objection by Reesor). Then the State played the audio recording of his interview with Reesor and asked Detective Parker to compare the two interviews:

> Q Okay. Were there any allegations made by the child in the interview with [the social worker] that were [corroborated] by the admissions of the Defendant?
>
> A Yes.
>
> Q Okay. And which ones were those?
>
> [Defense Counsel]: Objection, calls for a legal conclusion and legal opinion.
>
> The Court: Response?
>
> [State]: I disagree, Your Honor. This is based on his recollection of what was said

and what was [corroborating]. These are facts of the case based on what he heard.

The Court: Do you have, I think you can ask him in a different way that's not giving a legal opinion.

Q Well, was there anything that matched up between what the child said and confirmed by the admissions of the Defendant?

A Yes.

Q And what points were those?

A The fondling of the vagina with the hands, the penis, the anus, of course, the fondling of the butto[cks] by the, or with the penis. In my opinion, the attempted penetration as well.

[Defense Counsel]: Objection, Judge, and I have an objection to that, Judge, "in my opinion."

A Okay. I can scratch my opinion. I'm sorry.

The Court: Okay.

A Okay. The attempted anal penetration. The, she had stated, I'll rephrase that, during the interview, I learned that there was something to do with the eleventh (11th) day, I recall hearing, or receiving information about the

> eleventh (11[th]) day. And during the interview with Mr. Reesor, he did [corroborate] that there were ten (10) consecutive days, the eleventh (11[th]) day, it would have stopped. Of course, you have the other information as well about the babysitting, things along those lines. There was a lot of truth or dare, a lot of her statement, I was able to [corroborate].

*Id.* at 87-88. During closing arguments, Reesor's attorney conceded that the State's case was strong for Counts II and III because of "[Reesor's] admissions" to those counts. *Id.* at 122. The court found Reesor guilty as charged. In finding Reesor guilty of Count I, the court explained that A.W. testified that Reesor's penis was "'kind of in there,' 'halfway,' 'went inside,' and 'it hurt.'" *Id.* at 129.

[7] At Reesor's sentencing hearing, the trial court identified three aggravators: (1) Reesor had a history of criminal or delinquent behavior, including a prior felony conviction for residential entry and possession of a controlled substance; (2) A.W. was less than twelve years old; and (3) as A.W.'s babysitter, Reesor was placed in a position of having care, custody, or control at the time he committed the offenses. The trial court also identified as mitigators Reesor's cooperation in the case and that it had been almost ten years since his last criminal conviction. The trial court sentenced Reesor to thirty years with ten years suspended to probation on Count I and to six years each on Counts II and III, all to be served concurrently.

[8] Reesor now appeals his conviction and sentence for Count I only.

# Discussion and Decision

[9] Reesor raises two issues on appeal. First, he argues that the trial court allowed improper vouching testimony. Second, he asserts that the trial court erred in finding A.W.'s age to be an aggravator.

# I. Vouching Testimony

[10] Reesor contends that the trial court admitted improper vouching testimony in violation of Indiana Evidence Rule 704(b). Specifically, he claims that Detective Parker "vouched for the credibility of A.W. by testifying that her testimony had been corroborated." Appellant's Br. p. 6. A trial court has broad discretion in ruling on the admissibility of evidence, and we will disturb its rulings only where it is shown that the court abused that discretion. *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012). An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[11] Vouching testimony is generally prohibited under Evidence Rule 704(b), which states: "Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." Such testimony is considered an invasion of the province of the factfinder in determining what weight they should place upon a witness's testimony. *Bean v. State*, 15 N.E.3d 12, 18 (Ind. Ct. App. 2014), *trans. denied*. The Indiana Supreme Court has held that testimony that a child witness is not prone to exaggerate or fantasize about

sexual matters is the equivalent of saying the child is telling the truth and therefore prohibited by Evidence Rule 704(b). *Hoglund,* 962 N.E.2d at 1236-37. More recently, in *Sampson v. State,* our Supreme Court continued to define what constitutes vouching testimony and held that testimony about whether a child has been coached or has exhibited signs of coaching is inadmissible, unless the defendant has called the child's credibility into question. 38 N.E.3d 985, 991-92 (Ind. 2015).

[12] Here, the State asked Detective Parker on direct examination, "Were there any allegations made by the child in the interview with [the social worker] that were [corroborated] by the admissions of the Defendant?" Tr. Vol. II. p. 87. Detective Parker responded "yes," and Reesor's attorney objected, stating that the answer "calls for a legal conclusion." *Id.* The trial court asked the State to rephrase the question, and the State asked Detective Parker, "Well, was there anything that matched up between what the child said and confirmed by the admissions of the Defendant?" *Id.* Detective Parker said "yes." *Id.* Reesor's attorney did not object to the State's rephrasing of the question. Detective Parker then listed which details matched up: "[t]he fondling of the vagina with the hands, the penis, the anus . . . the fondling of the butto[cks] . . . with the penis . . . the attempted anal penetration . . . something to do with the eleventh day . . . [and] information . . . about the babysitting . . . ." *Id.* at 87-88.

[13] First, by failing to object to the rephrased question, Reesor has arguably waived review of this issue. But even if the issue was not waived, we find no error because Detective Parker's testimony was not vouching. Instead, vouching

occurs when one witness testifies directly or indirectly as to whether another witness testified truthfully. *See generally Hoglund*, 962 N.E.2d at 1236-37. Detective Parker did not testify that he believed A.W. or Reesor, nor did he express an opinion as to the truth of their statements. Instead, Detective Parker merely explained that he was present at both A.W.'s forensic interview and Reesor's interview and heard facts from each of them that matched. Detective Parker did not say that the molestation happened; rather, as many detectives do, he observed two statements and deduced facts from the two statements that matched. Contrary to Reesor's argument on appeal, this is not "the functional equivalent of saying [A.W.] is telling the truth." Appellant's Reply Br. p. 5. Detective Parker did not vouch for A.W. Accordingly, we find no error.[1]

## II. Sentencing

[14]    Reesor also argues that the trial court erroneously used an element of the crime of Level 1 felony attempted child molesting—A.W.'s age—as an aggravator when it sentenced him to the advisory term of thirty years for Count I. *See* Ind. Code § 35-50-2-4(c). Sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal only for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). We will only remand for resentencing if we cannot say with

---

[1] In light of this conclusion, we do not need to address the State's argument that Reesor "opened the door" to vouching testimony by attacking A.W.'s credibility.

confidence that the trial court would have imposed the same sentence. *Id.* at 491.

[15] While the victim being under twelve years of age can be an aggravator, *see* Ind. Code § 35-38-1-7.1(a)(3), when the age of a victim constitutes a material element of the crime, the trial court cannot treat it as an aggravating circumstance unless it sets forth particularized circumstances justifying such treatment, *McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018). Here, because the trial court did not set forth any such particularized circumstances, we must conclude that the trial court erred in identifying A.W.'s age as an aggravator.

[16] Nonetheless, we are confident that the trial court would have imposed the same sentence even without that aggravator. First, the trial court found two additional aggravators, neither of which Reesor challenges on appeal. Specifically, the trial court found that Reesor had a criminal history and that as A.W.'s babysitter, Reesor was in a position of care, custody, or control and alone with A.W. for long hours at night. Second, Reesor's sentence for Count I is already on the low end for a Level 1 felony. The advisory sentence for a Level 1 felony is thirty years, and the minimum sentence is twenty years. Ind. Code § 35-50-2-4. Moreover, for a Level 1 felony the trial court can suspend only the portion of a sentence that is above the minimum. *See* Ind. Code § 35-50-2-2.2(e). In other words, Reesor must serve twenty years for being convicted of a Level 1 felony, and that is what the trial court ordered: thirty years with twenty years to serve and ten years suspended to probation. Therefore, the only remedy if we were to reverse would be modifying the length of the suspended

portion of Reesor's sentence. Reesor gives us no reason to think the trial court would do so, especially in light of his prior felony conviction. Accordingly, we decline to remand for resentencing, and we affirm Reesor's sentence for Count I.

Affirmed.

Riley, J., and Kirsch, J., concur.