## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2020, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 10, 2020<br><br>Court of Appeals Case No.<br>20A-CR-331<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable Shatrese M.<br>Flowers, Presiding Judge<br><br>The Honorable James K. Snyder,<br>Master Commissioner<br><br>Trial Court Cause No.<br>49G02-1802-FA-5428 |

**Vaidik, Judge.**

# Case Summary

[1] Charles Smith appeals his sentence for Class A felony attempted child molesting and Class C felony child molesting, arguing that the trial court abused its discretion by finding two improper aggravating factors. We agree that one of the aggravators is improper, but because we can say with confidence that the trial court would have imposed the same sentence without it, we affirm.

# Facts and Procedural History

[2] In 2006, Smith met his wife, Gebie, and relocated to live with her in the Philippines. Gebie had a daughter from a prior marriage, J.P., and Smith and Gebie had one daughter together, C.M.S. Several years later, the family moved to Indianapolis. J.P. was then nine years old. The family lived in two different apartments. In both, J.P. shared a bedroom with C.M.S. When the family lived in these apartments, roughly spanning three years, Smith molested J.P. He would enter J.P.'s bedroom at night, take off her pajamas, and touch her vagina with his fingers. Smith also molested J.P. once when the two were driving back to the family's apartment. He grabbed the back of J.P.'s neck and pushed her down between his legs as he drove. J.P. felt Smith's penis touch her lips. When J.P. entered seventh grade, the molestations ceased.

[3] During her junior year of high school, J.P. revealed this history of abuse, first to a friend and then to a guidance counselor. In February 2018, the State charged Smith with two counts of Class A felony child molesting, Class A felony

attempted child molesting, and Class C felony child molesting. After a jury trial, Smith was found not guilty of one of the counts of Class A felony child molesting. The jury hung on the other three counts. The State then dismissed the remaining Class A felony child-molesting count on double-jeopardy grounds, and the case proceeded to a second jury trial on the charges of Class A felony attempted child molesting and Class C felony child molesting. J.P. testified that Smith molested her "often" when the family lived in the apartments and that these acts primarily occurred in her bedroom while she pretended to sleep. Tr. Vol. II p. 199. When asked whether her sister was in the room during the molestations, J.P. answered, "Probably. I don't remember." *Id.* at 163. The jury found Smith guilty on both counts.

[4]     At sentencing, the trial court placed "very significant weight" on the aggravating factor that Smith—as J.P.'s stepfather and primary father figure—was in a position of trust, care, custody, and control over J.P. Tr. Vol. III p. 118. The trial court found four other aggravators: Smith had one prior felony conviction; he "at least attempted" to violate a protective order by asking family members to speak with J.P. about sentencing; he committed a crime of violence within the hearing of another child, C.M.S.; and J.P. suffers "ongoing mental trauma that go[es] beyond and [is] greater than those elements necessary to prove the elements of the [offense] itself." *Id.; see also* Appellant's App. Vol. III p. 62. In mitigation, the trial court found that Smith led a law-abiding life for a substantial period, his absence will present a hardship to his dependents, and he is likely to respond affirmatively to short-term imprisonment. Finding the

aggravators and mitigators to be "in balance," the trial court sentenced Smith to thirty years, with twenty-five years to serve and five years suspended to probation, for the Class A felony and four years for the Class C felony, to be served consecutively, for a total executed sentence of twenty-nine years. Tr. Vol. III p. 118.

[5] Smith now appeals his sentence.

# Discussion and Decision

[6] Smith contends that the trial court relied on two improper aggravating factors: he committed the crime in the presence of another child and his crime caused J.P. ongoing mental trauma beyond that inherent in the offense. "Our trial courts enjoy broad discretion in identifying aggravating and mitigating factors, and we will reverse only for an abuse of that discretion." *McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018).

[7] Smith first argues that the trial court's finding that he molested J.P within the hearing of C.M.S. is unsupported by evidence. We disagree. Smith points out that when J.P. was asked whether her sister was in the room during the acts of molestations, J.P. stated, "Probably. I don't remember." Tr. Vol. II p. 163. While this statement may be equivocal, other evidence supports the trial court's finding. Specifically, J.P. testified that the molestation occurred "often" in her bedroom at night and that her sister shared the bedroom with her during these

years. *Id.* at 162-63, 199. Therefore, there is sufficient evidence in the record for the trial court to find Smith committed these acts within the hearing of C.M.S.

[8] Smith next argues that the trial court abused its discretion by finding J.P. is suffering ongoing mental trauma beyond and greater than the elements needed to commit the crime. On this issue, we agree with Smith. "[T]he emotional and psychological effects of a crime are inappropriate aggravating factors unless the impact, harm, or trauma is greater than that usually associated with the crime." *Thompson v. State*, 793 N.E.2d 1046, 1053 (Ind. Ct. App. 2003). Here, the trial court did not make any specific findings or cite any evidence indicating that the mental trauma on J.P. is greater than that usually associated with crimes of this type. Nor does the record reveal such evidence. J.P. did not speak at the sentencing hearing and did not submit a victim impact statement. The trial court abused its discretion in finding this aggravator.

[9] The State argues that this aggravator is valid because Smith's acts of molestation—particularly touching J.P.'s vagina under her clothes and bringing her lips to his penis—were "greater than necessary to satisfy the elements of the offense." Appellee's Br. p. 13. While this may be true, it is not the factor cited by the trial court. The trial court specifically found as an aggravator J.P.'s "ongoing mental trauma." Tr. Vol. III p. 118. Because there are no findings or evidence to support this aggravator, it is improper.

[10] Although the trial court considered an improper aggravating factor, we conclude that this was harmless. "[W]here the trial court abuses its discretion in

sentencing a defendant, we need not remand for resentencing if we can say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Vega v. State*, 119 N.E.3d 193, 203 (Ind. Ct. App. 2019) (citation omitted). There are multiple valid aggravators that the trial court correctly considered: Smith's prior felony conviction, he committed the crime in front of C.M.S., and he attempted to violate a protective order. Most importantly, the trial court emphasized that it gave "very significant weight" to the fact that Smith was in a position of care and custody over the victim as her stepfather.

[11] Moreover, despite these significant aggravators, the trial court sentenced Smith to a below-advisory total executed sentence. A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty and fifty years, with thirty years being the advisory sentence. Ind. Code § 35-50-2-4(a). A person who commits a Class C felony shall be imprisoned for a fixed term of between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a). Here, the trial court imposed the advisory sentence for each conviction. If the court had made those sentences fully executed, Smith would have to serve thirty-four years. Instead, the trial court suspended five years of the sentence for the Class A felony, resulting in a total executed sentence of twenty-nine years. In light of the proper aggravators, we are confident that the trial court would have imposed this same sentence even without its consideration of the improper aggravator.

[12] Affirmed.

Bailey, J., and Baker, Sr. J., concur.