

FILED

Oct 02 2020, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew Bernlohr
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Geovany Diaz,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 2, 2020<br><br>Court of Appeals Case No.<br>20A-CR-203<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Shatrese M. Flowers, Judge<br><br>Trial Court Cause No.<br>49G02-1812-MR-042357 |

**Vaidik, Judge.**

## Case Summary

[1] Geovany Diaz shot two men during a robbery. One victim died, the other survived. Diaz was convicted of murder and Level 5 felony robbery with regard to the deceased victim and Level 2 felony robbery resulting in serious bodily

injury with regard to the surviving victim. He appeals his conviction for Level 5 felony robbery, arguing that it constitutes double jeopardy in light of his conviction for murder. After Diaz filed his brief on appeal, our Supreme Court decided *Wadle v. State*, in which it established a new framework for analyzing double-jeopardy claims like the one made by Diaz. We find no double jeopardy under either pre-*Wadle* law or the *Wadle* analysis and therefore affirm Diaz's convictions. We also affirm Diaz's sentence of seventy-eight years in prison.

# Facts and Procedural History

[2] The evidence most favorable to the State can be summarized as follows. On November 30, 2018, Dejon Wooden posted a video on Instagram showing Xanax pills that his friend Jesse Harris wanted to sell. Diaz, who knew Wooden, sent him a message that he wanted to buy the pills. Wooden and Harris went to Diaz's apartment complex to complete the sale. Wooden was in the driver's seat, Harris was in the front passenger seat, and Diaz got into the passenger-side back seat, behind Harris. After seeing the pills, Diaz said he wanted to buy them and started counting his money. However, he then pointed a handgun at Wooden and told him to "come off everything," which Wooden took to mean that Diaz "wanted all the pills and everything." Tr. Vol. II p. 122. Wooden grabbed Diaz's arm that was holding the gun and pushed it down. In doing so, Wooden was shot in the right shoulder. He opened his door and got on the ground. Inside the car, Diaz shot Harris multiple times, killing him, and

took his wallet and phone. He also took Wooden's wallet and phone, as well as the pills, and told Wooden to leave. Diaz was arrested shortly thereafter.

[3] The State filed six charges against Diaz: murder (knowingly killing Harris); felony murder (killing Harris while committing robbery); Level 2 felony robbery of Harris (elevated from a Level 5 felony because it resulted in serious bodily injury); Level 2 felony robbery of Wooden (elevated from a Level 5 felony because it resulted in serious bodily injury); Level 3 felony robbery of Wooden (elevated from a Level 5 felony because Diaz was armed with a deadly weapon); and Level 5 felony battery of Wooden (elevated from a Class B misdemeanor because it was committed with a deadly weapon). The case proceeded to a jury trial, and the jury found Diaz guilty on all six counts. However, due to double-jeopardy concerns, the trial court entered only three convictions: murder, Level 5 felony robbery of Harris (reduced from a Level 2 felony because Harris's death supported both the serious-bodily-injury enhancement and the murder charge), and, with regard to Wooden, Level 2 felony robbery resulting in serious bodily injury.

[4] In sentencing Diaz, the court found four aggravating circumstances: (1) Diaz's criminal history (four drug-related Level 6 felony convictions in 2017 and 2018, a misdemeanor conviction for possession of marijuana, and a juvenile adjudication for theft); (2) the fact that Diaz was serving community-corrections sentences for prior convictions when he committed these offenses, which the court found to be a "substantial aggravator"; (3) "the nature and the circumstances of this offense"; and (4) the IRAS assessment indicated that Diaz

presents a high risk of re-offending. Tr. Vol. IV p. 66. The court also found two mitigating circumstances: Diaz has a substance-abuse problem and "a prolonged period of incarceration would be an undue hardship on [Diaz's] dependents and his family." *Id.* at 65-66. Finding that the aggravators outweigh the mitigators, the court imposed an above-advisory sentence for each count: fifty-eight years for the murder of Harris, five years for the Level 5 felony robbery of Harris, and twenty years for the Level 2 felony robbery of Wooden. The court ordered the two sentences relating to Harris to run concurrent to each other but consecutive to the sentence relating to Wooden, for a total sentence of seventy-eight years.

Diaz now appeals.

# Discussion and Decision

## I. Double Jeopardy

Diaz first contends that his convictions for both the murder and Level 5 felony robbery of Harris constitute double jeopardy because his acts "occurred over the course of a few very brief moments" and were really "one action." Appellant's Br. p. 13. He argues that the convictions violate the double-jeopardy clause of the Indiana Constitution under the actual-evidence test established by our Supreme Court in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999). Alternatively, he asserts that the two convictions are impermissible under the common-law continuous-crime doctrine.

[7]     A few weeks after Diaz filed his brief, our Supreme Court issued two opinions that significantly altered the approach to claims of double jeopardy that, as here, are based on multiple convictions in a single prosecution. *See Wadle v. State*, 151 N.E.3d 227 (Ind. 2020); *Powell v. State*, 151 N.E.3d 256 (Ind. 2020). The Court distinguished these claims of "substantive double jeopardy" from claims of "procedural double jeopardy"—where a defendant is charged with the same offense in successive prosecutions. Previously, claims of substantive double jeopardy could be made under constitutional tests established in *Richardson* (including the actual-evidence test) or under a variety of statutory and common-law rules (including the continuous-crime doctrine). In *Wadle* and *Powell*, however, the Court did away with the existing rules and tests for claims of substantive double jeopardy and set forth new tests for such claims, with a focus on statutory interpretation. *See Wadle*, 151 N.E.3d at 247 ("[W]e now proceed to articulate an analytical framework in which to resolve claims of substantive double jeopardy."); *Powell*, 151 N.E.3d at 263-65.

[8]     Having reviewed Diaz's convictions under both the old law and the new law, we see no double-jeopardy violation under either. We reiterate that *Wadle* did away with the "old law" on claims of substantive double jeopardy, including the *Richardson* constitutional tests and all common-law rules like the continuous-crime doctrine. We address pre-*Wadle* law here only because there are outstanding questions about whether *Wadle* should be applied retroactively. Our conclusion that there is no double jeopardy in this case under either *Wadle*

or the "old law" allows us to avoid that potentially sticky issue, which has not been briefed here.

## A. Pre-*Wadle* law

Diaz's convictions for the murder and Level 5 felony robbery of Harris do not violate the actual-evidence test or the continuous-crime doctrine.

Under the actual-evidence test, the defendant must demonstrate "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson*, 717 N.E.2d at 53. No such possibility exists here. The murder conviction was based on the evidence that Diaz killed Harris. That evidence, alone, could not have been used to find Diaz guilty of robbery, since robbery requires the taking of property. *See* Ind. Code § 35-42-5-1. Likewise, the robbery conviction was based on the evidence that Diaz took property from Harris by using force. That evidence, alone, could not have been used to find Diaz guilty of murder, since murder requires a killing, i.e., death. *See* Ind. Code § 35-42-1-1. The actual-evidence test is not violated when "each conviction required proof of at least one unique evidentiary fact." *Bald v. State*, 766 N.E.2d 1170, 1172 (Ind. 2002); *see also Carrico v. State*, 775 N.E.2d 312, 314 (Ind. 2002) (finding that defendant's convictions for murder and robbery did not violate the actual-evidence test because the defendant's killing of the victim by shooting him "established one element of robbery (force) but not all").

Diaz's argument under the continuous-crime doctrine also fails. The doctrine defines those instances where a continuous course of conduct amounts only to a single chargeable crime. *Hines v. State*, 30 N.E.2d 1216, 1219 (Ind. 2015). It does not seek to reconcile the double-jeopardy implications of two distinct chargeable crimes. *Id.* It is implicated only where the defendant is convicted of (1) multiple counts of the same statutory offense (e.g., multiple counts of battery) or (2) an offense and an included offense, i.e., "a crime for which all of the elements necessary to impose criminal liability are also elements found in" the other crime. *Id.* at 1220-21. Here, Diaz was not convicted of multiple counts of murder or multiple counts of robbery with regard to Harris, and each offense requires an element the other does not (murder requires a killing, robbery requires the taking of property). Murder and robbery are two distinct chargeable crimes to which the continuous-crime doctrine does not apply.[1]

## B. *Wadle* analysis

*Wadle* established the new double-jeopardy framework to be applied when, as here, "a single criminal act or transaction violates multiple statutes with common elements." 151 N.E.3d at 247. (*Powell*, on the other hand, established the framework to be applied "when a single criminal act or transaction violates

---

[1] Diaz also cites the "very same act" rule, which prohibits "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished." *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). However, he doesn't develop an argument under the rule. *See* Appellant's Br. p. 12. Therefore, he waived any such claim. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). Waiver notwithstanding, Diaz's robbery conviction could not have been based on the "very same act" as his murder conviction, since the robbery conviction required the taking of property.

a single statute and results in multiple injuries." 151 N.E.3d at 263.) The Court summarized the test as follows:

> [W]hen multiple convictions for a single act or transaction implicate two or more statutes, we first look to the statutes themselves. If either statute clearly permits multiple punishment, whether expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double jeopardy. But if the statutory language is not clear, then a court must apply our included-offense statutes to determine whether the charged offenses are the same. *See* [Ind. Code] § 35-31.5-2-168. If neither offense is included in the other (either inherently or as charged), there is no violation of double jeopardy. But if one offense is included in the other (either inherently or as charged), then the court must examine the facts underlying those offenses, as presented in the charging instrument and as adduced at trial. If, based on these facts, the defendant's actions were "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction," then the prosecutor may charge the offenses as alternative sanctions only. But if the defendant's actions prove otherwise, a court may convict on each charged offense.

*Wadle*, 151 N.E.3d at 253.

[13] Applying the test here, we first observe that neither the murder statute nor the robbery statute clearly permits (or prohibits) multiple punishment for the murder and robbery of the same victim. The murder statute simply provides that "[a] person who: knowingly or intentionally kills another human being . . . commits murder, a felony." I.C. § 35-42-1-1(1). The robbery statute provides that "[a] person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the

use of force on any person; or (2) by putting any person in fear; commits robbery, a Level 5 felony." I.C. § 35-42-5-1.

[14]     Therefore, we move to the second step of the test: determining whether either offense is included in the other ("either inherently or as charged") under the included-offense statute, Indiana Code section 35-31.5-2-168. If not, there can be no double jeopardy.

[15]     Section 35-31.5-2-168 defines "included offense" as an offense that:

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
>
> (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or
>
> (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

I.C. § 35-31.5-2-168. Subsection (1) is not implicated here. Murder is not established by proof of Level 5 felony robbery because murder requires a killing and Level 5 felony robbery does not. Likewise, Level 5 felony robbery is not established by proof of murder because robbery requires the taking of property and murder does not. Subsection (2) does not apply either, because Diaz was not charged with or convicted of any attempt crime. And subsection (3) does not apply because murder and Level 5 felony robbery differ in more respects

than just the degree of harm or culpability required. As just noted, each offense requires some conduct the other does not (i.e., murder requires a killing, Level 5 felony robbery requires the taking of property).

[16] Because neither murder nor Level 5 felony robbery is included in the other, Diaz's convictions do not constitute double jeopardy under *Wadle*, and there is no need to further examine the specific facts of the case under the third step of the test.

# II. Sentence

[17] Diaz also argues that the trial court should have found his age to be a mitigating factor and that, in any event, his total sentence of seventy-eight years is inappropriate.

## A. Age as a mitigator

[18] We first address Diaz's argument that his age—twenty-one at the time of the offenses, twenty-two at the time of sentencing—is a mitigating factor. "Our trial courts enjoy broad discretion in identifying aggravating and mitigating factors, and we will reverse only for an abuse of that discretion." *McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018).

[19] Diaz's contention is that people in his age range "have a unique opportunity and incentive to rehabilitate themselves during their time in DOC." Appellant's Br. p. 15. As the State notes, however, "In three short years since becoming a legal adult, [Diaz] has obtained four felony convictions, had the opportunity to

be on probation which was revoked, had the opportunity to be on home detention, which [Diaz] violated, and committed the most serious crime with one of the highest penalties in the State of Indiana." Appellee's Br. p. 22. Given that history, we cannot say that the trial court abused its discretion by not finding Diaz's age to be a mitigator.[2]

## B. Inappropriateness

Diaz also argues that his seventy-eight-year sentence is inappropriate and asks us to revise it under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of

---

[2] In addition to his age, Diaz asserts that "[e]vidence provided established that [he] was uniquely remorseful." Appellant's Br. p. 15. He does not develop this argument any further or cite anything in the record to support it. As such, it is waived. *See* App. R. 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.").

persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[21] For the murder of Harris, Diaz faced a sentencing range of forty-five to sixty-five years, with an advisory sentence of fifty-five years. Ind. Code § 35-50-2-3. The trial court imposed an above-advisory term of fifty-eight years. For the Level 5 felony robbery of Harris, Diaz faced a sentencing range of one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). The court imposed an above-advisory term of five years but ordered it to run concurrent to the murder sentence. For the Level 2 felony robbery of Wooden, Diaz faced a sentencing range of ten to thirty years, with an advisory sentence of seventeen-and-a-half years. Ind. Code § 35-50-2-4.5. The court imposed an above-advisory term of twenty years, to run consecutive to the fifty-eight-year sentence for murder.

[22] Diaz's argument focuses on the nature of his offenses:

> [T]he facts of the case demonstrate that the death of Jesse Harris was not planned. Viewed in a light most unfavorable to Diaz, the facts suggest that this was a poorly planned robbery gone horribly wrong. While the death of an individual is not entirely unforeseeable when guns enter into a drug deal involving large sums of money, no evidence indicates that the death [of] either Harris or [Wooden] was the intent or purpose of Diaz. Diaz had no reason to seek to kill Jesse Harris. It was only when, again when taken in a light most unfavorable to Diaz, Harris and [Wooden] began to fight back that shots were fired and Harris was killed.

Appellant's Br. pp. 14-15. He makes no mention whatsoever of his criminal history, which includes four felony convictions in the two years before these offenses, or of the fact that he was actively serving community-corrections sentences for those convictions when he committed these offenses. The trial court properly found the latter to be a "substantial aggravator." This history reflects poorly on Diaz's character and supports the above-advisory sentences imposed by the trial court, even if the nature of the offenses does not. Moreover, the existence of multiple victims supports the imposition of consecutive sentences. *See Myers v. State*, 27 N.E.3d 1069, 1082 (Ind. 2015), *reh'g denied*. Diaz has failed to convince us that his sentence is inappropriate.

[23]    Affirmed.

Bailey, J., and Weissmann, J., concur.