## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2020, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Low Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James M. Barrient,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 10, 2020

Court of Appeals Case No.
20A-CR-1250

Appeal from the
Clark Circuit Court

The Honorable
Andrew Adams, Judge

Trial Court Cause No.
10C01-1808-FA-1

**Vaidik, Judge.**

# Case Summary

James M. Barrient pled guilty to one count of Class B felony child molesting and two counts of Class D felony possession of child pornography for engaging in "deviate sexual conduct" with his step-granddaughter and taking photos of her naked and engaged in various sex acts. The trial court sentenced him to fifteen years, with ten years executed in the Department of Correction and five years suspended to probation. Barrient now appeals his sentence. We affirm.

# Facts and Procedural History

On July 30, 2018, A.H. went to the Clark County Sheriff's Office to report her step-grandfather Barrient had molested her several times between 2001 and 2011, when she was between six and seventeen years old.[1] Appellant's App. Vol. II p. 8. A.H. gave the police five SD cards she had taken from Barrient's house. The SD cards contained photos of A.H. when she was a "juvenile" in "various states of nudity," including photos of her vagina and breasts. *Id.* There were also photos of Barrient and A.H. "completely nude together" and photos of them performing oral sex on each another. *Id.* According to A.H., Barrient set up a tripod to take the photos and would show them to her "every now and then." *Id.*

---

[1] The record does not contain A.H.'s date of birth. Both parties rely on the probable-cause affidavit, which provides A.H. was between six and seventeen years old from 2001 to 2011.

[3]     The State charged Barrient with four counts of Class A felony child molesting ("deviate sexual conduct") and two counts of Class D felony possession of child pornography. According to the charging information, all six offenses occurred in November 2008. *See id.* at 29-30. Thereafter, the State and Barrient entered into a plea agreement, under which Barrient would plead guilty to one count of Class B felony child molesting and both counts of Class D felony possession of child pornography and the State would dismiss the remaining counts. Sentencing was left to the discretion of the trial court.

[4]     At the guilty-plea hearing, the State moved to "incorporate the Probable Cause Affidavit into the factual basis." Tr. pp. 13-14. Barrient said he had "[n]o objection." *Id.* at 14. The trial court then "admitted" the probable-cause affidavit "in support of the factual basis." *Id.*

[5]     At the sentencing hearing, evidence was presented about seventy-three-year-old Barrient's "poor health." *Id.* at 19. According to his wife, Barrient suffered a heart attack several years earlier and had high blood pressure, high cholesterol, and diabetic neuropathy and retinopathy. Barrient's wife also testified she relied on him for support. Defense counsel asked the trial court to impose a sentence of ten years with a "minimal amount of jail time because of [Barrient's] health." *Id.* at 42. The State asked the court to impose an executed sentence of "at least" ten years. *Id.* at 44. The court found these aggravators: (1) the nature and circumstances of the crimes; (2) A.H. was under twelve; and (3) Barrient had "custody and control" of A.H. *Id.* at 45. The court found one mitigator: Barrient "d[id] not have a high risk to commit another criminal offense, due to

[him having] no prior criminal history and/or record." *Id.* Finding the aggravators to outweigh the mitigator, the court sentenced Barrient to an above-advisory term of fifteen years for Class B felony child molesting, with ten years executed in the DOC and five years suspended to probation, and an above-advisory term of two years for each count of Class D felony possession of child pornography. The court ordered the sentences to run concurrently, for a total sentence of fifteen years with ten years executed.

[6] Barrient now appeals his sentence.

# Discussion and Decision

## I. Aggravators

[7] Barrient first contends the trial court erred in finding two aggravators: (1) the nature and circumstances of the offenses and (2) A.H. was under twelve. "Our trial courts enjoy broad discretion in identifying aggravating and mitigating factors, and we will reverse only for an abuse of that discretion." *McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018).

[8] First, Barrient argues the trial court abused its discretion in finding the nature and circumstances of the crimes as an aggravator because "[t]here simply is nothing in the record that indicates or supports that this child molesting and/or possession of child pornography was any worse than any other crimes of the same nature." Appellant's Br. p. 16. We disagree. At the guilty-plea hearing, the court incorporated the probable-cause affidavit into the factual basis. And

according to that affidavit, Barrient molested his step-granddaughter numerous times over many years. In addition, Barrient did not simply possess child pornography, he created it: he set up a tripod to take photos of A.H. naked, of the two naked together, and of the two performing oral sex on each other. Barrient kept the photos on SD cards and occasionally showed them to A.H. The court did not abuse its discretion in finding the nature and circumstances of the crimes as an aggravator.

[9] Second, Barrient argues the trial court abused its discretion in finding as an aggravator that A.H. was under twelve, since her age was an element of the child-molesting charge. *See* Ind. Code § 35-42-4-3(a) (2008) ("child under fourteen (14) years of age"). We agree. While a victim being under twelve can be an aggravator, *see* Ind. Code § 35-38-1-7.1(a)(3), when the age of the victim constitutes a material element of the crime, the trial court cannot treat it as an aggravator unless it sets forth "particularized circumstances" justifying such treatment. *McCoy*, 96 N.E.3d at 99 (citing *McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001)). Here, the trial court did not set forth any such particularized circumstances. *See* Tr. p. 45. Accordingly, we conclude the under-twelve aggravator is improper.

[10] While we agree with Barrient the trial court abused its discretion in finding A.H.'s age as an aggravator, we will remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances." *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind. 2001). Here,

there is no indication the court placed significant weight on A.H.'s age. In addition, the court found other valid aggravators, including the nature and circumstances of the crimes as discussed above and that Barrient had "custody and control" of his step-granddaughter. Therefore, even though the court abused its discretion in finding A.H.'s age as an aggravator, we can say with confidence the court would have imposed the same sentence if it did not consider it as an aggravator.

## II. Inappropriate Sentence

[11] Barrient next contends his sentence of fifteen years with ten years executed in the DOC is inappropriate and asks us to revise it to allow him to serve his remaining executed time on "Community Corrections, Home Incarceration, or a combination of the two." Appellant's Br. p. 13. Under Indiana Appellate Rule 7(B), an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The appellate court's role under Rule 7(B) is to "leaven the outliers," and "we reserve our 7(B) authority for exceptional cases." *Faith v. State*, 131 N.E.3d 158, 159-60 (Ind. 2019) (quotation omitted). "Ultimately, our constitutional authority to review and revise sentences boils down to our collective sense of what is appropriate." *Id.* at 160 (quotation omitted).

[12] A person who commits a Class B felony shall be imprisoned for a fixed term of between six and twenty years, with an advisory sentence of ten years. Ind. Code

§ 35-50-2-5(a). A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with an advisory sentence of one-and-a-half years. Ind. Code § 35-50-2-7(a). The trial court sentenced Barrient to an above-advisory term of fifteen years for the Class B felony and an above-advisory term of two years for each Class D felony. The court ordered the sentences to be served concurrently, for a total sentence of fifteen years with ten years executed. Under the plea agreement, Barrient faced up to twenty-six years executed.

[13] This case is not an exceptional case requiring us to use our 7(B) authority. While Barrient does not have a prior criminal history, has health issues, and supports his wife, the nature of the offenses easily supports the trial court's sentence. Barrient violated his position of trust within his family to molest his step-granddaughter for an extended period. A.H. reported Barrient first molested her when she was six and continued to engage in sexual misconduct with her until she reached the age of consent. While Barrient pled guilty to only a single count of Class B felony child molesting, the record reflects that Barrient engaged in additional sexual misconduct with A.H. for a decade. Besides molesting A.H., Barrient immortalized A.H.'s trauma by taking photos of her naked, of the two naked together, and of the two performing oral sex on each other. Barrient continued to traumatize A.H. by showing her the child pornography he created. Barrient has failed to persuade us his sentence is inappropriate.

[14] Affirmed.

Brown, J., and Pyle, J., concur.